IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
VIOLETA ESCOBAR, also known as    )   Civil No. 13-00598 HG-RLP
VIOLETA ESCOBAR CLINE,            )
Individually and as Personal      )
Representative for the ESTATE     )
OF NATHAN CLINE, Deceased,        )
                                  )
              Plaintiff,          )
                                  )
      vs.                         )
                                  )
AIRBUS HELICOPTERS SAS,           )
                                  )
                                  )
              Defendant.          )
_____ )
```

**ORDER DENYING DEFENDANT'S MOTION IN LIMINE NO. 3 TO EXCLUDE ANY REFERENCE OR ARGUMENT ABOUT "FEAR OF IMPENDING DEATH" OR SIMILAR ISSUES PURSUANT TO FRE 402 AND 403 (ECF No. 213)**

**I.   Defendant's Motion in Limine No. 3 (ECF No. 213)**

On September 13, 2016, Defendant filed its Motion in Limine No. 3 (ECF No. 213) pursuant to Federal Rules of Evidence 402 and 403.  Defendant Airbus Helicopters SAS seeks to exclude evidence or argument at trial about Nathan Cline's "fear of impending death" or "pre-accident mental distress."

On September 20, 2016, Plaintiff filed an Opposition (ECF No. 250), asserting that Hawaii law permits recovery for mental distress in wrongful death actions.

On September 27, 2016, Defendant filed its Reply.  (ECF No.

1

282).
## II. Relevant Evidence is Generally Admissible Unless Substantially Outweighed by a Danger of Unfair Prejudice

Federal Rule of Evidence 402 provides that relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the United States Supreme Court provide otherwise.  Fed. R. Evid. 402.

Federal Rule of Evidence 403 provides that the Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  Fed. R. Evid. 403.

Defendant Airbus Helicopters SAS argues that Plaintiff should be precluded from introducing evidence or referencing alleged "fear of impending death" or "pre-accident mental distress" Nathan Cline may have suffered before the helicopter crashed on November 10, 2011.

Defendant claims that such evidence or argument is not relevant and unfairly prejudicial because damages for fear of impending death are not recoverable under Hawaii law.  (Def.'s Motion at p. 2-4, ECF No. 213-1).

### III. Plaintiff's Evidence and Argument Relating to Nathan Cline's Pre-Death Pain and Suffering is Admissible Because Hawaii Law Allows for Recovery for Such Damages

The decedent's estate may sue for damages that relate to the death of the decedent. Haw. Rev. Stat. § 663-7 provides:

> A cause of action arising out of a wrongful act, neglect, or default, except a cause of action for defamation or malicious prosecution, shall not be extinguished by reason of the death of the injured person. The cause of action shall survive in favor of the legal representative of the person and any damages recovered shall form part of the estate of the deceased.

Haw. Rev. Stat. § 663-7.

Such damages include the non-economic damages that may be awarded as a result of the decedent's death pursuant to Hawaii Revised Statute § 663-8.5(a).

Non-economic damages are defined by statute in Haw. Rev. Stat. § 663-8.5(a). Section 663-8.5 provides:

> Noneconomic damages which are recoverable in tort actions include damages for pain and suffering, mental anguish, disfigurement, loss of enjoyment of life, loss of consortium, and all other nonpecuniary losses or claims.

Haw. Rev. Stat. § 663-8.5(a).

The statutory right to non-economic damages is not extinguished by reason of the victim's death. <u>Ozaki v. Ass'n of Apartment Owners of Discovery Bay</u>, 954 P.2d 652, 667 (Haw. Ct. App. 1998), aff'd in part, rev'd in part, 954 P.2d 644 (Haw. 1998).

Contrary to Defendant's argument, Hawaii law allows for the recovery of damages for the pre-death pain and suffering incurred by the decedent. The Hawaii Supreme Court addressed the issue of the availability of damages for the pre-death pain and suffering in <u>Rohlfing v. Moses Akiona, Ltd.</u>, 369 P.2d 96, 107-08 (Haw. 1973) (*overruled on other grounds by* <u>Greene v. Texeira</u>, 505 P.2d 1169 (Haw. 1973)). In <u>Rohlfing</u>, a four year-old child drowned as a result of a contractor's negligence and her estate sought damages stemming from the child's pre-death pain and suffering. <u>Id.</u> at 107.

The Hawaii Supreme Court found that damages for pain and suffering, even when substantially contemporaneous with a death, are recoverable. <u>Id.</u> The Hawaii Supreme Court held that a jury may determine "whether and to what extent conscious pain and suffering were sustained" in awarding non-economic damages. <u>Id.</u> at 108. The appellate court explained that "death never is simultaneous with the injury causing it—that there always is a fraction of a moment, however immeasurable, before death results." <u>Id.</u>

The District Court for the District of Hawaii has awarded damages for pre-death pain and suffering. In <u>Furumizo v. United States</u>, 245 F.Supp. 981, 990 (D. Haw. 1965), the negligence of federal air traffic controllers caused a student pilot to crash his plane, resulting in his death when the plane burst into

4

flames on the runway of Honolulu International Airport.  Id. at 985-992.

The estate of the pilot filed suit in federal district court pursuant to the Federal Tort Claims Act.  Id. at 984.  After a bench trial, the federal District Court awarded damages to the deceased pilot's estate.  Id. at 1015.  The District Court specifically awarded damages for the pilot's pre-death pain and suffering.  Id.  The Court awarded $15,000 "for decedent's pain and suffering during the descent of the Piper plane, its crash to the ground, and the burning of decedent to death, the Court believing and finding from the evidence that he did suffer, however briefly, great agony from this horrible conflagration."  Id.

The United States filed an appeal of the District Court's decision to the Ninth Circuit Court of Appeals and challenged the trial court's award of damages for the victim's pre-death pain and suffering.  United States v. Furumizo, 381 F.2d 965, 967 (9th Cir. 1967).  The Ninth Circuit Court of Appeals upheld the trial court's decision to award pre-death pain and suffering, citing the Hawaii Supreme Court's decision in Rohlfing, 369 P.2d at 108. Furumizo, 381 F.2d at 970.

Recently, in 2014, the Hawaii Intermediate Court of Appeals addressed damages for pre-death pain and suffering.  Polm v. Dep't of Human Servs., 2014 WL 7390879, at *20-21 (Haw. Appt. Ct.

Dec. 30, 2014).  In Polm, the Intermediate Court of Appeals recognized that damages for conscious pre-death pain and suffering are recoverable by the decedent's estate when there is evidence of fright, pain, suffering, emotional duress or distress.  Id. at *20; see also Hambrook v. Smith, Civ. No. 14-00132 ACK-KJM, 2016 WL 4408991, at *36-37 (D. Haw. Aug. 17, 2016) (awarding damages for pre-death pain and suffering pursuant to maritime law).

Pursuant to Hawaii law, evidence and argument relating to Nathan Cline's pre-death pain and suffering is admissible and relevant to determine non-economic general damages.  General damages encompass all the damages which naturally and necessarily results from the legal wrong done, including such items as physical or mental pain and suffering, inconvenience, and loss of enjoyment which cannot be measured definitely in monetary terms. Dunbar v. Thompson, 901 P.2d 1285, 1294 (Haw. Ct. App. 1995).

The question of Nathan Cline's entitlement to general damages for pain and suffering is left to the jury to determine whether and to what extent conscious pain and suffering were sustained.  Ferreira v. Gen Motors Corp., 657 P.2d 1066, 1071 (Haw. Ct. App. 1983) (citing Rohlfing, 369 P.2d at 108)).

**CONCLUSION**

Defendant's Motion in Limine No. 3 to Exclude Any Reference or Argument About "Fear of Impending Death" or Similar Issues Pursuant to Fed. R. Evid. 402 and 403 is **DENIED**.

IT IS SO ORDERED.

Dated: October 4, 2016, Honolulu, Hawaii.



_____
Helen Gillmor
United States District Judge

Violeta Escobar, also known as Violeta Escobar Cline, Individually, and as Personal Representative for the Estate of Nathan Cline, Deceased v. Airbus Helicopters SAS, Civil No. 13-00598 HG-RLP; **ORDER DENYING DEFENDANT'S MOTION IN LIMINE NO. 3 TO EXCLUDE ANY REFERENCE OR ARGUMENT ABOUT "FEAR OF IMPENDING DEATH" OR SIMILAR ISSUES PURSUANT TO FRE 402 AND 403 (ECF No. 213)**

7