IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| VIOLETA ESCOBAR, also known as VIOLETA ESCOBAR CLINE, Individually and as Personal Representative for the ESTATE OF NATHAN CLINE, Deceased,<br><br>        Plaintiff,<br><br>    vs.<br><br>AIRBUS HELICOPTERS SAS,<br><br>        Defendant. | Civil No. 13-00598 HG-RLP |

**ORDER GRANTING DEFENDANT'S MOTION IN LIMINE NO. 7 TO EXCLUDE PLAINTIFF'S EXPERT REPORTS, AFFIDAVITS, OR DEPOSITIONS IN LIEU OF LIVE TESTIMONY (ECF No. 228)**

**I.   Defendant's Motion in Limine No. 7 (ECF No. 228)**

Defendant's Motion No. 7 was filed on September 13, 2016. (ECF No. 228).  Defendant's Motion seeks to prevent Plaintiff from presenting expert testimony through reports, affidavits, or depositions in lieu of live testimony.  Defendant also seeks to exclude all of Plaintiff's expert reports as inadmissible hearsay pursuant to Fed. R. Evid. 801 and 802.

Plaintiff filed an Opposition to Defendant's Motion on September 20, 2016.  (ECF No. 253).  Plaintiff does not oppose Defendant's Motion as to the presentation of live witnesses,

1

because Plaintiff states that she intends to call all of her expert witnesses live at trial. Plaintiff states that she does not seek to introduce her expert reports, affidavits, or depositions in lieu of live testimony. Plaintiff opposes Defendant's Motion to the extent it seeks to preclude all of her expert reports as such a motion is premature.

## II. Defendant's Motion to Preclude the Admissibility of Plaintiff's Expert Reports Based on Hearsay is Granted

Federal Rule Evidence 801(c) provides that hearsay is a statement, other than one made by the declarant while testifying at the trial, offered in evidence to prove the truth of the matter asserted. Fed. R. Evid. 801(c).

Hearsay is inadmissible unless it falls into one of the established exceptions to the hearsay rule. Fed. R. Evid. 802.

Expert reports are generally inadmissible as hearsay but may be admissible as one of the exceptions to hearsay. Hunt v. City of Portland, 599 Fed. Appx. 620, 621 (9th Cir. 2013); Durham v. Cnty. of Maui, 804 F.Supp.2d 1068, 1070 (D. Haw. 2011); Marceau v. Int'l Broth. Of Elec. Workers, 618 F.Supp.2d 1127, 1142-43 (D. Ariz. 2009); Alexie v. United States, 2009 WL 160354, *1 (D. Alaska Jan. 21, 2009).

The burden is on the proponent to provide the basis of an exception to exclusion as hearsay.

Defendant's Motion in Limine No. 7 is **GRANTED**.

Plaintiff is precluded from presenting expert testimony through reports, affidavits, or depositions in lieu of live testimony as agreed upon by the Parties.

Expert reports are hearsay and not admissible unless the proponent is able to provide a basis for an exception to the hearsay rule.

## CONCLUSION

Defendant's Motion in Limine No. 7 is **GRANTED**.

IT IS SO ORDERED.

Dated: October 4, 2016, Honolulu, Hawaii.



_____
Helen Gillmor
United States District Judge

Violeta Escobar, also known as Violeta Escobar Cline, Individually, and as Personal Representative for the Estate of Nathan Cline, Deceased v. Airbus Helicopters SAS, Civil No. 13-00598 HG-RLP; **ORDER GRANTING DEFENDANT'S MOTION IN LIMINE NO. 7 TO EXCLUDE PLAINTIFF'S EXPERT REPORTS, AFFIDAVITS, OR DEPOSITIONS IN LIEU OF LIVE TESTIMONY (ECF No. 228)**