IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VIOLETA ESCOBAR, also known as ) <br> VIOLETA ESCOBAR CLINE, ) <br> Individually and as Personal ) <br> Representative for the ESTATE ) <br> OF NATHAN CLINE, Deceased, ) <br>  ) <br>             Plaintiff, ) <br>  ) <br>      vs. ) <br>  ) <br> AIRBUS HELICOPTERS SAS, ) <br>  ) <br>  ) <br>             Defendant. ) <br> _____ ) | Civil No. 13-00598 HG-RLP |

**ORDER GRANTING DEFENDANT'S MOTION IN LIMINE NO. 1, SECTION 10 RE: EXCLUDING UNNECESSARY AND INFLAMMATORY PHOTOS OF THE ACCIDENT SCENE OR REMAINS (ECF No. 211)**
**AND**
**DEFENDANT'S ADDENDUM IN SUPPORT OF OMNIBUS MOTION IN LIMINE NO. 1, SECTION 10 (ECF No. 295)**

Defendant Airbus Helicopters SAS seeks to prohibit evidence of the accident scene that is unnecessary or inflammatory.  Section 10 of Defendant's Motion in Limine No. 1 stated that it seeks to preclude Plaintiff from introducing evidence of body remains found at the scene.  (Def.'s Omnibus Motion in Limine No. 1 at p. 9, ECF No. 211).

On September 30, 2016, Defendant filed Defendant's Addendum in Support of Section 10 of its Motion in Limine No.

1

1. (Def.'s Addendum in Support, ECF No. 295). Defendant's Addendum included copies of the particular evidence of the accident scene it wishes to preclude. The evidence consists of photographs of body remains of the victims of the helicopter accident. (Photographs attached as Ex. A to Def.'s Addendum, ECF No. 295-2).

Relevant evidence is admissible unless its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

Evidence is unfairly prejudicial when its probative value is outweighed because of its ability to appeal to the jury's sympathies, arouse jurors' sense of horror, provoke a jury's instinct to punish, and trigger other intense human reactions. WEINSTEIN'S FEDERAL EVIDENCE § 403.04[1][c]; Beachy v. Boise Cascade Corp., 191 F.3d 1010, 1014 (9th Cir. 1999); United States v. Brady, 579 F.2d 1121, 1129 (9th Cir. 1978).

The photographs submitted by the Defendant depict graphic images of dead bodies and badly burned remains. Inflammatory photographic evidence regarding the accident scene and evidence of body remains found at the scene is of minimal

probative value that is outweighed by the emotional reaction that the evidence would provoke in the jurors. Campbell v. Keystone Aerial Surveys, Inc., 138 F.3d 996, 1004-05 (5th Cir. 1998) (affirming exclusion of photographs of decapitated and badly burned remains of decedent killed in an airplane crash because the photographs created a risk that the jury's decision would be based on visceral response to those images).

## CONCLUSION

Defendant's Motion in Limine No. 1 as to Section #10 (ECF No. 211) is **GRANTED**.

The photographs attached as Ex. A to Defendant's Addendum (ECF No. 295-2) are inadmissible pursuant to Fed. R. Evid. 403.

Both Parties are precluded from introducing unnecessary and inflammatory photographs of the accident scene that include body remains found at the scene.

A Party that objects to any additional proposed exhibit on the grounds that it is unnecessary, inflammatory, or offensive shall provide notice to the Court so a ruling can be

//

//

//

made prior to trial.

IT IS SO ORDERED.

Dated: October 5, 2016, Honolulu, Hawaii.

_____
Helen Gillmor
United States District Judge

<u>Violeta Escobar, also known as Violeta Escobar Cline, Individually, and as Personal Representative for the Estate of Nathan Cline, Deceased v. Airbus Helicopters SAS</u>, Civil No. 13-00598 HG-RLP; **ORDER GRANTING DEFENDANT'S MOTION IN LIMINE NO. 1, SECTION 10 RE: EXCLUDING UNNECESSARY AND INFLAMMATORY PHOTOS OF THE ACCIDENT SCENE OR REMAINS (ECF No. 211) AND DEFENDANT'S ADDENDUM IN SUPPORT OF OMNIBUS MOTION IN LIMINE NO. 1, SECTION 10 (ECF No. 295)**