IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| VIOLETA ESCOBAR, also known as<br>VIOLETA ESCOBAR CLINE,<br>Individually and as Personal<br>Representative for the ESTATE<br>OF NATHAN CLINE, Deceased,<br><br>          Plaintiff,<br><br>     vs.<br><br>AIRBUS HELICOPTERS SAS,<br><br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 13-00598 HG-RLP |

**ORDER GRANTING DEFENDANT'S MOTION IN LIMINE NO. 1 (ECF No. 211)**

Defendant Airbus Helicopters SAS ("Airbus") has filed an "Omnibus" Motion in Limine No. 1, which contains various motions in limine.

**I.    Defendant's Motion in Limine No. 1**

**Section 1.        Motion to Exclude Evidence of or Reference to Indemnity or Liability Insurance or Insurance Coverage**

Defendant seeks to exclude any evidence that it may have liability insurance coverage.

Federal Rule of Evidence 411 requires the exclusion of evidence that a defendant was insured against liability when that evidence is offered for the purposes of proving the defendant's

1

wrongful conduct.  Fed. R. Evid. 411.

Evidence of liability insurance is also excluded pursuant to Federal Rules of Evidence 401 and 403.

Pursuant to Federal Rule of Evidence 401(a), evidence is relevant if it has a tendency to make a fact more probable or less probable than it would be without the evidence.

Relevant evidence is inadmissible when its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  Fed. R. Evid. 403.

Plaintiff has not provided any basis to demonstrate that evidence of liability insurance is relevant in this case.  In re Hanford Nuclear Reservation Litig., 534 F.3d 986, 1014 (9th Cir. 2008).  Evidence of liability insurance confuses the issues and misleads the jury.  Evidence of liability insurance tends to alter the jurors' assessment of damages, which unfairly prejudices the parties.  See Posttape Assocs. v. Eastman Kodak Co., 537 F.2d 751, 758 (3d Cir. 1976); Garnac Grain Co. v. Blackley, 932 F.2d 1563, 1570 (8th Cir. 1991).

Defendant's Motion in Limine No. 1 as to Section #1 is **GRANTED**.

Plaintiff is precluded from introducing any testimony, evidence, argument, or other reference that Defendant may be

insured against liability.

**Section 2.**        **Motion to Exclude Evidence of or Reference to the Size of Airbus Helicopters' Law Firms**

Defendant seeks to preclude Plaintiff from introducing evidence or making any references to the size of the law firms representing the Defendant as well as any remarks about their reputations, hourly fees, or any other similar information.

Plaintiff has not demonstrated that such evidence is relevant to the issues before the jury.  Pursuant to Federal Rule of Evidence 401(a), evidence is relevant if it has a tendency to make a fact more probable or less probable than it would be without the evidence.

The size of the law firms representing Defendant, as well as their reputations, their hourly fees, or any similar statements are irrelevant to the case.  Fed. R. Evid. 401.

Defendant's Motion in Limine No. 1 as to Section #2 is **GRANTED**.

Plaintiff is precluded from introducing any testimony, evidence, argument, or other reference to the size of the law firms representing Defendant, the reputation of the Defendant's law firms and their attorneys, their hourly fees, or any similar statements.

Sections 3, 4, and 5 of Defendant's Motion in Limine No. 1 are relevant to the issue of punitive damages.  At the Final Pretrial Conference held on September 26, 2016, the Parties agreed to bifurcate the punitive damages phase of the trial from the liability and compensatory damages phase of the trial.

> **Section 3.**    **Motion to Exclude Evidence of or Reference to Airbus Helicopters' Size, Financial Condition, Solvency, or Ability to Pay a Verdict or Satisfy a Judgment**
>
> **Section 4.**    **Motion to Exclude References to "Punishing" or "Sending a Message" to Airbus Helicopters**

Defendant's Motion in Limine No. 1 in Section 3 seeks to preclude Plaintiff from introducing evidence related to Defendant's present financial condition and ability to pay.

Evidence of a defendant's financial status or ability to pay is not relevant to the issue of compensatory damages because the purpose of such damages is to make the plaintiff whole and is not dependent on the wealth of the defendant.  Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977).

Defendant's financial condition may be relevant to punitive damages.  White v. Ford Motor Co., 500 F.3d 963, 976-77 (9th Cir. 2007).

Section 4 of the Defendant's Motion in Limine No. 1 is concerned with language used to discuss the issue of punitive damages with the jury.  Statements to the jury to "send a message" or "punish" the Defendant are inappropriate in the liability and compensatory damages phase of the trial.  Wielgus

v. Ryobi Technologies, Inc., 2012 WL 1853090, *2 (N.D. Ill. May 21, 2012); Osorio v. One World Techs., Inc., 659 F.3d 81, 90 (1st Cir. 2011).

Evidence of the Defendant's ability to pay or statements to the jury about "sending a message" to Defendant are not admissible during the liability and compensatory damages phase of the trial. Vasbinder v. Ambach, 926 F.2d 1333, 1344 (2d Cir. 1991) ("punitive damages are to be tailored to the defendant's ability to pay, and normally that class of evidence is not admitted or desirable during the liability and compensatory damages phase of the case."); Day v. Forman Automotive Group, 2015 WL 1250447, *5 (D. Nev. Mar. 18, 2015) (finding that the plaintiff was precluded from introducing the defendant's financial condition until the second phase of the trial on punitive damages); Campbell v. Keystone Aerial Surveys Inc., 138 F.3d 996, 1005-06 (5th Cir. 1998) (upholding sanctions imposed on plaintiff's counsel for failing to abide by the court's pre-trial order precluding the introduction of evidence of the defendant's financial status and ability to pay in the liability and compensatory damages phase of the trial in an aviation accident case).

Defendant's Motion in Limine No. 1, as to Sections #3-#4, is **GRANTED**.

During the liability and compensatory damages phase of the

5

trial, Plaintiff is precluded from introducing evidence or reference to Airbus Helicopters SAS's size, financial condition, solvency, or ability to pay a verdict or satisfy a judgment. Plaintiff shall also refrain from references to "punishing" or "sending a message" to Defendant during the liability and compensatory damages phase of the trial.

The matter will be revisited should there be a punitive damages proceeding.

### Section 5.        Motion to Exclude References to Punitive Damages or Language Related Thereto

Defendant seeks to preclude Plaintiff from referencing punitive damages at any phase of trial.

Following the filing of Defendant's Motion, the Parties agreed to bifurcate the punitive damages phase of the trial from the liability and compensatory damages phase of the trial.

Pursuant to Hawaii law, punitive damages are recoverable in both negligence actions and products liability actions based on strict liability if the plaintiff provide the requisite aggravating conduct on the part of the defendant. Masaki v. Gen. Motors Corp., 780 P.2d 566, 570 (Haw. 1989); Best Place v. Penn. Am. Ins. Co., 920 P.2d 334, 347 (Haw. 1996).

Punitive damages may be recovered if a plaintiff can prove by clear and convincing evidence that a defendant acted wantonly or oppressively, or with such malice as implies a spirit of

mischief or criminal indifference to civil obligations, or where there has been some willful misconduct or that entire want of care that would raise the presumption of a conscious indifference to consequences.  Kaopuiki v. Kealoha, 87 P.3d 910, 927 (Haw. App. Ct. 2003) (citing Kang v. Harrington, 587 P.2d 285, 291 (Haw. 1978).

Defendant's Motion in Limine No. 1 as to Section #5 is **GRANTED** as to the liability and compensatory phase of the trial.

The Court will revisit the issue if there is a punitive damages proceeding.

### Section 6.        Motion to Exclude Evidence of or Reference to Subsequent Remedial Measures

Federal Rule of Evidence 407 prohibits the introduction of subsequent remedial measures as evidence to provide negligence, culpable conduct, a defect in the product, a defect in a product's design, or a need for warning or instruction.

Federal Rule of Evidence 407 states:

When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or, a need for a warning or instruction. But the court may admit this evidence for another purpose, such as impeachment or—if disputed—proving ownership, control, or the feasability of precautionary measures.

Fed. R. Evid. 407.

The plain text of Fed. R. Evid. 407 precludes the

introduction of evidence of subsequent remedial measures to prove

a design defect.  Hawaii state law conflicts with Federal Rule of

Evidence 407.  Hawaii Rule of Evidence 407 states:

> When, after an event, measures are taken which, if
> taken previously, would have made the event less likely
> to occur, the evidence of the subsequent measures is
> not admissible to prove negligence or culpable conduct
> in connection with the event.  This rule does not
> require the exclusion of evidence of subsequent
> measures when offered for another purpose, such as
> proving dangerous defect in products liability cases,
> ownership, control, or feasibility of precautionary
> measures, if controverted, or impeachment.

Haw. R. Evid. 407; Haw. Rev. Stat. § 626-1 at Rule 407.

The Hawaii Supreme Court addressed the admissibility of

subsequent remedial measures in a case involving a helicopter

crash in American Broadcasting Companies, Inc. v. Kenai Air of

Hawaii, 686 P.2d 1, 7 (Haw. 1984).  In Kenai Air, the defendant

sought to introduce evidence of corrective actions allegedly

taken by the manufacturers of the helicopter that crashed with

respect to the fuel system and engine of the model in question.

Id. at 4.  The trial court found that the evidence was

inadmissible on the basis that evidence of subsequent remedial

measures undertaken by the manufactures could not be used as

proof of negligence or the presence of a prior defect.  Id.

On appeal, the Hawaii Supreme Court held that introduction

of subsequent remedial measures are generally inadmissible to

prove negligence, but the Hawaii Rule of Evidence 407 permits the

introduction of subsequent remedial measures to prove the

presence of a dangerous defect in a products liability case.  Id. at 7-8.

Pursuant to the Erie doctrine, federal courts exercising diversity jurisdiction in an action based on state law apply the same rules that state courts would apply to all substantive issues but apply federal law to procedural issues.  Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78-80 (1938).

There is a conflict among the federal courts if Federal Rule of Evidence 407 is a procedural rule or a substantive rule when evaluating the admissibility of evidence of subsequent remedial measures in a diversity action.  The majority of federal courts that have considered the issue have found that the admissibility of evidence is a procedural matter and that Federal Rule of Evidence 407 applies.  Kelly v. Crown Equip. Co., 970 F.2d 1273, 1277-78 (3d Cir. 1992) (federal law applies when direct conflict arises between federal and state rules on admissibility of evidence of subsequent remedial measures since the federal rule is procedural); Flaminio v. Honda Motor Co., Ltd., 733 F.2d 463, 470 (7th Cir. 1984); but see Moe v. Avions Marcel Sassault-Brequet Aviation, 727 F.2d 917, 932 (10th Cir. 1984) (finding Fed. R. Evid. 407 is a substantive rule); Oberst v. Int'l Harvester Co., Inc., 640 F.2d 863, 866-67 (7th Cir. 1980).

The Ninth Circuit Court of Appeals has not directly addressed the issue with respect to Federal Rule of Evidence 407.

The appellate court has ruled that "[i]n diversity cases, we apply the Federal Rules of Evidence when, as here, they cover the points in dispute." Gibbs v. State Farm Mutual Ins. Co., 544 F.2d 423, 428 n.2 (9th Cir. 1976).

The decision from the Northern District of California in Fasanaro v. Mooney Aircraft Corp., 687 F.Supp. 482, 485 (N.D. Cal. 1988) is instructive.  In Fasanaro, the plaintiff brought a products liability action in California state court on behalf of the estate of her husband who was killed while piloting an aircraft.  Id. at 483.  The defendant removed the case to federal court, which had diversity jurisdiction.  Id.

The plaintiff in Fasanaro sought to introduce subsequent remedial measures taken by the defendant with respect to the design of the aircraft.  Id.  The evidence was inadmissible pursuant to Federal Rule of Evidence 407 but it was admissible pursuant to the California state rule.  Id.

The District Court in California ruled that the California state evidence rule did not apply, because  Federal Rule of Evidence 407 is a procedural rule.  Id. at 485-86.  The federal district court held that Federal Rule of Evidence 407 applied and it precluded the plaintiff from introducing the evidence of subsequent remedial measures taken by the defendant.  Id. at 485-88.

The Court applies the federal procedural rule, Fed. R. Evid.

10

407, to evaluate the admissibility of evidence of subsequent

remedial measures consistent with the decisions in <u>Gibbs</u>, 544

F.2d at 428 n.2 and <u>Fasanaro</u>, 687 F.Supp. at 485-88.

Defendant's Motion in Limine No. 1 as to Section #6 is

**GRANTED.**

Plaintiff is precluded from introducing evidence of any

subsequent measures taken by Defendant to prove: negligence,

culpable conduct, a defect in a product or its design, or, a need

for a warning or instruction.  Evidence of any subsequent

remedial measures may be admissible for other purposes, such as

impeachment.

### <u>Section 7.</u>      Motion to Exclude Improper Statements or Argument by Plaintiff's Counsel

Defendant seeks to preclude Plaintiff's counsel from making

improper arguments or remarks to the jury.

Specifically, Defendant seeks to preclude Plaintiff's

counsel from referencing his own piloting experience, from

arguing about discovery and pre-trial motions in this case and

disparaging Defendant's counsel and experts, from suggesting that

Defendant is "killing people" and other inappropriate comments.

Both Plaintiff's counsel and Defendant's counsel are

precluded from referencing pre-trial or discovery matters before

the jury and making personal remarks or comments that are

irrelevant to the proceedings.

11

Neither Party may introduce arguments for which there is no admissible evidentiary support.  United States v. Subblefield, 643 F.3d 291, 295-96 (D.C. Cir. 2011).

Neither Plaintiff's nor Defendant's counsel shall make personal attacks on the other's counsel.  Bruno v. Rushen, 721 F.2d 1193, 1194-95 (9th Cir. 1983); Sedie v. U.S. Postal Service, 2009 WL 4021666, *3 (N.D. Cal. Nov. 19, 2009).

Defendant's Motion in Limine No. 1 as to Section #7 is **GRANTED**.

The Parties are precluded from making inappropriate statements, remarks, arguments, or comments in front of the jury.

The Parties are referred to the Court's Order Re: Jury Trial Procedures Before United States District Judge Helen Gillmor for further guidance.

> ### Section 8.        Motion to Exclude Evidence of or Reference to Other Litigation in Which Airbus Helicopters Is or Was a Party

Defendant seeks to preclude Plaintiff from submitting evidence or making references to other litigation in which Defendant Airbus Helicopters SAS was a party.

Relevant evidence is admissible unless its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  Fed. R.

Evid. 403.

Plaintiff has not established that evidence of other lawsuits or litigation involving Defendant Airbus is relevant to any material facts in this lawsuit.  Evidence regarding other litigation appears to be irrelevant and unfairly prejudicial. Mathis v. Phillips Chevrolet, Inc., 269 F.3d 771, 776 (7th Cir. 2001); Reddy v. Nuance Commc'ns, Inc., 2015 WL 4648008, at *1-2 (N.D. Cal. Aug. 5, 2015); Hypertherm, Inc. v. Amer. Torch Tip Co., 2009 WL 435324, *6 (D. N.H. Feb. 19, 2009).  Such evidence would mislead the jury, confuse the issues, and cause undue delay.  Fed. R. Evid. 403.

Defendant's Motion in Limine No. 1 as to Section #8 is **GRANTED.**

Plaintiff is precluded from introducing evidence or reference to other litigation in which Defendant Airbus Helicopters SAS was or is involved.

### **Section 9.**      **Motion to Exclude Evidence of or Reference to Other Aircraft Accidents or Incidents Involving Airbus Helicopter Products**

Section 9 in Defendant's Motion in Limine No. 1 seeks to preclude evidence of any other aircraft accidents or incidents involving Airbus Helicopters' products.

The admissibility of evidence relating to the Liberty Helicopters Accident that occurred on July 7, 2007 will be

addressed in the Order on Defendant's Motion in Limine No. 2.

A showing of substantial similarity is required when a plaintiff attempts to introduce evidence of other accidents as direct proof of negligence, a design defect, or notice of the defect.  Cooper v. Firestone Tire and Rubber Co., 945 F.2d 1103, 1105 (9th Cir. 1991).  The rule rests on the concern that evidence of dissimilar accidents lacks the relevance required for admissibility pursuant to Federal Rules of Evidence 401 and 402. Id.

Substantial similarity depends upon the underlying theory of the case.  Younan v. Rolls-Royce Corp., 2013 WL 1899919, *9 (S.D. Cal. May 7, 2013).  Evidence proffered to illustrate the existence of a dangerous condition necessitates a high degree of similarity.  Id. (citing Four Corners Helicopters, Inc. v. Turbomeca, S.A., 979 F.2d 1434, 1440 (10th Cir. 1992)).  Even when the substantial similarity of the circumstances is proven, the admissibility of such evidence lies within the discretion of the trial judge who must weigh the dangers of unfairness, confusion, and undue expenditure of time in the trial of collateral issues against the factors favoring admissibility. Nachtsheim v. Beech Aircraft Corp., 847 F.2d 1261, 1269 (7th Cir. 1988) (citing McKinnon v. Skil Corp., 638 F.2d 270, 277 (1st Cir. 1981)).

Apart from the Liberty Helicopters Accident, which is

14

subject to a separate Motion in Limine, Plaintiff did not put forward any accident and the necessary evidence of similarity required for admissibility.

Defendant's Motion in Limine No. 1 as to Section #9 is **GRANTED**.

The Parties must inform the Court, if during the trial, they find that they wish to reference any other accident or incident involving Airbus Helicopters' products before raising it in front of the jury.  The Court will evaluate the admissibility of other accidents or incidents at that time.

**Section 10.**    **Motion to Exclude Unnecessary and Inflammatory Photos of the Accident Scene or Remains**

The Court has already issued an Order Granting Defendant's Motion in Limine No. 1, as to Section 10.

On October 5, 2016, the Court issued its ORDER GRANTING DEFENDANT'S MOTION IN LIMINE NO. 1, SECTION 10 RE: EXCLUDING UNNECESSARY AND INFLAMMATORY PHOTOS OF THE ACCIDENT SCENE OR REMAINS.  (ECF No. 320).

**Section 11.**    **Motion to Exclude Opinion or Argument About What Instruments or Avionics the Pilot Was Using**

Defendant's Motion in Limine No. 1 at Section 11 seeks to preclude Plaintiff from speculating as to what instruments or

15

avionics the pilot was using during the November 10, 2011 accident.

Speculative testimony about how another might have acted without personal knowledge is not admissible as evidence.  Fed. R. Evid. 602; <u>Nevada Power Co. v. Monsanto Co.</u>, Civ. No. S-89-555-DAE-LRL, 891 F.Supp. 1406, 1415 (D. Nev. 1995).

Defendant's Motion in Limine No. 1 as to Section #11 is **GRANTED.**

The Parties may refer to what instruments or avionics were present in the helicopter at the time of the crash, but they are precluded from speculating as to what instruments or avionics Nathan Cline used.

### <u>Section 12.</u>     **Motion to Exclude Reference to or Evidence of News Articles, Videos, or Other Reports**

Defendant seeks to preclude the admission of any evidence of new articles, videos, or press reports related to the November 10, 2011 accident as inadmissible hearsay.

Federal Rule Evidence 801(c) provides that hearsay is a statement, other than one made by the declarant while testifying at the trial, offered in evidence to prove the truth of the matter asserted.  Fed. R. Evid. 801(c).

Hearsay is inadmissible unless it falls into one of the established exceptions to the hearsay rule.  Fed. R. Evid. 802.

News articles, videos, or press reports are inadmissible

16

hearsay.  <u>Larez v. City of Los Angeles</u>, 946 F.2d 630, 640-44 (9th Cir. 1991) (finding newspaper articles were inadmissible hearsay);  <u>Hackwork v. Rangel</u>, 649 Fed. Appx. 525, 526 (9th Cir. May 3, 2016) (finding that the reports and audio in the video were inadmissible hearsay).

Defendant's Motion in Limine No. 1 as to Section #12 is **GRANTED**.

The Parties are precluded from referencing or submitting into evidence any news articles, videos, or press reports relating to the November 10, 2011 accident as they are inadmissible as hearsay.

<u>**CONCLUSION**</u>

Defendant's Motion in Limine No. 1 (ECF No. 211) is **GRANTED**.

**As to Section 1:**     Defendant's Motion in Limine No. 1 as to Section #1 is **GRANTED**.

Plaintiff is precluded from introducing any testimony, evidence, argument, or other reference that Defendant may be insured against liability.

**As to Section 2:**     Defendant's Motion in Limine No. 1 as to Section #2 is **GRANTED**.

Plaintiff is precluded from introducing any testimony, evidence, argument, or other reference to the size of the law firms representing Defendant, the reputation of the Defendant's law firms and their attorneys, their hourly fees,

or any similar statements.

**As to Section 3:**     Defendant's Motion in Limine No. 1 as to Section #3 is **GRANTED.**

During the liability and compensatory damages phase of the trial, Plaintiff is precluded from introducing evidence or reference to Airbus Helicopters SAS's size, financial condition, solvency, or ability to pay a verdict or satisfy a judgment.

**As to Section 4:**     Defendant's Motion in Limine No. 1 as to Section #4 is **GRANTED.**

During the liability and compensatory damages phase of the trial, Plaintiff is precluded from making references to "punishing" or "sending a message" to Defendant.

**As to Section 5:**     Defendant's Motion in Limine No. 1 as to Section #5 is **GRANTED** as to the liability and compensatory phase of the trial.

The Court will revisit the issue if there is a punitive damages proceeding.

**As to Section 6:**     Defendant's Motion in Limine No. 1 as to Section #6 is **GRANTED.**

Plaintiff is precluded from introducing evidence of any subsequent measures taken by Defendant to prove: negligence, culpable conduct, a defect in a product or its design, or, a need for a warning or instruction.

**As to Section 7:**     Defendant's Motion in Limine No. 1 as to Section #7 is **GRANTED.**

The Parties are precluded from making inappropriate statements, remarks, arguments, or comments in front of the

18

jury.

**As to Section 8:**     Defendant's Motion in Limine No. 1 as to Section #8 is **GRANTED**.

Plaintiff is precluded from introducing evidence or reference to other litigation in which Defendant Airbus Helicopters SAS was or is involved.

**As to Section 9:**     Defendant's Motion in Limine No. 1 as to Section #9 is **GRANTED**.

The Parties must inform the Court, if during the trial, they find they wish to reference any other accident or incident involving Airbus Helicopters' products before raising it in front of the jury. The Court will evaluate the admissibility of other accidents or incidents at that time.

**As to Section 10:**    Defendant's Motion in Limine No. 1 as to Section #10 was **GRANTED** pursuant to the Court's October 5, 2016 ORDER GRANTING DEFENDANT'S MOTION IN LIMINE NO. 1, SECTION 10 RE: EXCLUDING UNNECESSARY AND INFLAMMATORY PHOTOS OF THE ACCIDENT SCENE OR REMAINS (ECF No. 320).

**As to Section 11:**    Defendant's Motion in Limine No. 1 as to Section #11 is **GRANTED**.

The Parties may refer to what instruments or avionics were present in the helicopter at the time of the crash, but they are precluded from speculating as to what instruments or avionics Nathan Cline used.

**As to Section 12:**    Defendant's Motion in Limine No. 1 as to Section #12 is **GRANTED**.

The Parties are precluded from referencing or submitting into evidence any news articles, videos, or press

reports relating to the November 10, 2011 accident as they are inadmissible as hearsay.

IT IS SO ORDERED.

Dated:   October 7, 2016, Honolulu, Hawaii.


Helen Gillmor
United States District Judge

Violeta Escobar, also known as Violeta Escobar Cline, Individually, and as Personal Representative for the Estate of Nathan Cline, Deceased v. Airbus Helicopters SAS, Civil No. 13-00598 HG-RLP; **ORDER GRANTING DEFENDANT'S MOTION IN LIMINE NO. 1 (ECF No. 211)**