IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VIOLETA ESCOBAR, also known as VIOLETA ESCOBAR CLINE, Individually and as Personal Representative for the ESTATE OF NATHAN CLINE, Deceased, <br><br>             Plaintiff, <br><br>     vs. <br><br>AIRBUS HELICOPTERS SAS, <br><br>             Defendant. | Civil No. 13-00598 HG-RLP |

**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT'S MOTION IN LIMINE NO. 6 TO PRECLUDE PLAINTIFF FROM RELYING ON OR REFERRING TO EVIDENCE AND/OR THEORIES NOT PREVIOUSLY DISCLOSED (ECF No. 216)**

**I.   Defendant's Motion in Limine No. 6 (ECF No. 216)**

Defendant's Motion in Limine No. 6 (ECF No. 216) was filed on September 13, 2016.  Defendant's Motion No. 6 seeks to preclude Plaintiff from presenting "any evidence, argument and/or theories at trial that depart from or attempt to supplement what is in Plaintiff's expert reports."  (Def.'s Motion at p. 1, ECF No. 216).

Plaintiff filed an Opposition on September 20, 2016.  (ECF No. 269).  Plaintiff objects to Defendant's Motion to the extent that it precludes her from introducing or relying on documents in

1

the possession of Defendant.

**II.  Federal Rule of Civil Procedure 26(a)**

Rule 26 of the Federal Rules of Civil Procedure requires the parties to disclose the identities of each expert and, for retained experts, requires that the disclosure include the experts' written reports.  Fed. R. Civ. P. 26(a)(2).  The Parties must make their expert disclosures pursuant to the Court's scheduling order.  Fed. R. Civ. P. 26(2)(D).

Rule 26(a)(2)(B)(i) requires that the experts' written reports contain a complete statement of all opinions the witness will express and the basis for them.  Hambrook v. Smith, Civ. No. 14-00132 ACK-KJM, 2016 WL 4084110, *2-*3 (D. Haw. Aug. 1, 2016) (citing Estate of Bojcic v. City of San Jose, 358 Fed. Appx. 906, 907 (9th Cir. 2009) and Ciomber v. Coop. Plus, Inc., 527 F.3d 635, 641 (7th Cir. 2008)).

The Ninth Circuit Court of Appeals has explained that the Court's scheduling order and deadlines imposed by the Federal Rules of Civil Procedure are "to be taken seriously." Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994).  Timely and careful compliance with expert disclosure requirements is essential both as a matter of fairness to litigants and as a matter of orderly procedure.  Suzuki v. Helicopter Consultants of Maui, Inc., Civ. No. 13-00575JMS-KJM, 2016 WL 3753079, *6 (D.

Haw. July 8, 2016).

Expert witnesses may expand upon, supplement, elaborate, and explain their theories at trial, but the expert generally may not testify as to new opinions not contained in the expert report. Durham v. Cnty. of Maui, No. Civ. 08-00342 JMS-RLP, 2011 WL 2532423, at *7 (D. Haw. June 23, 2011); Bojcic, 358 Fed. Appx. at 907; Chiriboga v. Nat'l R.R. Passenger Corp., 2011 WL 2295281, at *5-*6 (N.D. Ill. June 9, 2011).

### III. Analysis

#### A. The Portion of Defendant's Motion in Limine that Requests the Court Preclude Introduction of New Theories is Granted

The Parties agree that neither party may introduce new theories at trial that were not previously disclosed.  Plaintiff stated in her Opposition that "[t]o the extent that Airbus Helicopters argues that Plaintiff's experts should be precluded from relying on theories not previously disclosed, Plaintiff agrees that both parties' experts should be precluded from doing so."  (Pla.'s Opp. at p. 6, ECF No. 269).

Defendant's Motion in Limine No. 6 to preclude Plaintiff from relying on theories that were not previously disclosed is **GRANTED**.

Both Parties are precluded from relying on new theories at trial that were not previously disclosed.

> **B.  The Portion of Defendant's Motion in Limine that Requests the Court Preclude Plaintiff from Relying on or Referring to Evidence in Possession of the Defendant is Denied**

Plaintiff may introduce and rely on the documents disclosed by the Defendant after the discovery deadline to the extent the documents are otherwise admissible.  Reliance on such evidence in this instance is substantially justified and harmless.  <u>Lanard Toys Ltd. v. Novelty, Inc.</u>, 375 Fed. Appx. 705, 713 (9th Cir. 2010).

Defendant cannot be prejudiced or surprised by introduction of evidence that it had in its exclusive possession for an extended period of time.  <u>Melczer v. Unum Life Ins. Co. of Am.</u>, 259 F.R.D. 433, 436 (D. Ariz. 2009) (The purpose of disclosures is to prevent unnecessary surprise and to streamline litigation.  Where Defendants were already aware of all of the documents, which they undoubtedly were, since they were the ones to originally disclose them, any failure by Plaintiff to "re-disclose" the documents back to Defendants would be harmless).

Defendant's Motion in Limine No. 6 to preclude Plaintiff from referring to evidence that does not propose new theories or opinions is **DENIED**.

Plaintiff is not precluded from referring to or introducing evidence that was disclosed by the Defendant after the discovery deadline.

4

Case 1:13-cv-00598-HG-RLP   Document 324   Filed 10/07/16   Page 5 of 5   PageID #: 8564

**CONCLUSION**

Defendant's Motion in Limine No. 6 (ECF No. 216) is **GRANTED, IN PART, AND DENIED, IN PART.**

IT IS SO ORDERED.

Dated: October 7, 2016, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

Violeta Escobar, also known as Violeta Escobar Cline, Individually, and as Personal Representative for the Estate of Nathan Cline, Deceased v. Airbus Helicopters SAS, Civil No. 13-00598 HG-RLP; **ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT'S MOTION IN LIMINE NO. 6 TO PRECLUDE PLAINTIFF FROM RELYING ON OR REFERRING TO EVIDENCE AND/OR THEORIES NOT PREVIOUSLY DISCLOSED (ECF No. 216)**