IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VIOLETA ESCOBAR, also known as VIOLETA ESCOBAR CLINE, Individually and as Personal Representative for the ESTATE OF NATHAN CLINE, Deceased,<br><br>  Plaintiff,<br><br>  vs.<br><br>NEVADA HELICOPTER LEASING LLC,<br><br>  Defendant. | Civ. No. 13-00598 HG-WRP |

**ORDER GRANTING DEFENDANT NEVADA HELICOPTER LEASING LLC'S MOTION TO BIFURCATE TRIAL (ECF No. 380)**

In November 2011, a helicopter piloted by the Plaintiff's husband crashed on the island of Molokai. Plaintiff filed a complaint against Defendant Nevada Helicopter Leasing LLC, the owner of the helicopter, asserting negligence and strict liability claims.

In July 2017, the Federal District Court granted Defendant Nevada Helicopter Leasing LLC's Motion for Summary Judgment, holding that Plaintiff's state law negligence and strict liability claims were preempted by federal law. The Court ruled that there were no genuine issues of material fact concerning Defendant Nevada Helicopter Leasing LLC's actual possession or control of the helicopter.

Plaintiff appealed and the case was remanded. The Ninth Circuit Court of Appeals found that there were issues of fact as

1

to whether Defendant Nevada Helicopter Leasing LLC had actual possession or control of the helicopter.

Defendant Nevada Helicopter Leasing LLC ("Nevada Leasing") filed a Motion to Bifurcate Trial.  Nevada Leasing seeks to have a trial first on the factual questions identified by the Appellate Court to determine whether Nevada Leasing may be held liable pursuant to 49 U.S.C. § 44112(b).  Nevada Leasing argues that the control issue identified by the Ninth Circuit Court of Appeals is separate and distinct from the claims of negligence and strict liability.  Defendant argues bifurcation would expedite proceedings, promote judicial economy, and would not prejudice the Plaintiff.

Defendant Nevada Helicopter Leasing LLC's Motion to Bifurcate Trial (ECF No. 380) is **GRANTED.**

## **PROCEDURAL HISTORY**

On July 21, 2016, the Court issued an ORDER GRANTING DEFENDANT NEVADA HELICOPTER LEASING LLC'S MOTION FOR SUMMARY JUDGMENT.  (ECF No. 172).

On March 3, 2017, the Court issued a Judgment consistent with the Court's July 21, 2016 Order and a Stipulation for Dismissal agreed to by the remaining parties in the case.  (ECF No. 353).

On March 30, 2017, Plaintiff filed a Notice of Appeal to the Ninth Circuit Court of Appeals.  (ECF No. 348).

On February 11, 2019, the Ninth Circuit Court of Appeals issued an Memorandum remanding proceedings to this Court. (ECF No. 358).

On March 5, 2019, the Ninth Circuit Court of Appeals issued the Mandate. (ECF No. 359).

On May 13, 2019, Defendant Nevada Helicopter Leasing LLC filed a MOTION TO BIFURCATE TRIAL. (ECF No. 380).

On May 16, 2019, the Court held a Status Conference. (ECF No. 383).

On June 17, 2019, Plaintiff filed PLAINTIFF'S OPPOSITION TO DEFENDANT NEVADA HELICOPTER LEASING LLC'S MOTION TO BIFURCATE TRIAL. (ECF No. 387).

On July 10, 2019, Defendant filed its REPLY. (ECF No. 389).

On October 4, 2019, the Court held a hearing on Defendant's Motion to Bifurcate. (ECF No. 395).

## BACKGROUND

On November 10, 2011, a 2010 Eurocopter France model EC130 B4 helicopter, which was piloted by Nathan Cline, crashed on the island of Molokai. Cline and the four passengers onboard the helicopter died as a result of the crash.

Plaintiff Violeta Escobar, the widow of Nathan Cline, filed a complaint against Defendant Nevada Helicopter Leasing LLC, and other Defendants, on behalf of herself and as personal representative for the Estate of Nathan Cline.

3

Plaintiff's complaint asserts state law claims for negligence and strict products liability against Defendant Nevada Helicopter Leasing LLC, the owner of the helicopter.

Defendant Nevada Helicopter Leasing LLC owned the helicopter at issue and leased it to Maui Helicopter Consultants, doing business as Blue Hawaiian Helicopters.

Blue Hawaiian Helicopters was the employer of Nathan Cline. Blue Hawaiian Helicopters employed Nathan Cline and was not a party to the lawsuit. Plaintiff settled all of her claims with the manufacturer of the helicopter Airbus Helicopters SAS.

On July 21, 2016, the Court issued an ORDER GRANTING DEFENDANT NEVADA HELICOPTER LEASING LLC'S MOTION FOR SUMMARY JUDGMENT (ECF No. 172).

The District Court ruled that Plaintiff's state law causes of action were preempted by federal statute, 49 U.S.C. § 44112(b).

The Court held that Defendant Nevada Helicopter Leasing LLC ("Nevada Leasing") was immune from liability because Nevada Leasing did not have actual possession or control of the helicopter at the time of the crash. Nevada Leasing leased the helicopter to Blue Hawaiian Helicopters, and therefore could not be liable for the crash pursuant to 49 U.S.C. § 44112(b). The Court found, as follows:

> Plaintiff has not provided any evidence to demonstrate that Defendant Nevada Leasing had actual possession or control over the Subject Helicopter after its delivery of the Subject Helicopter to Blue Hawaiian on March 29, 2010. There is no evidence that Nevada Leasing was

4

> engaged in any concrete manner with the actual physical possession or the actual operational control over the Subject Helicopter after its delivery.
>
> Plaintiff looks to the fact that Defendant Nevada Leasing and Blue Hawaiian had the same owners and similar management. Defendant Nevada Leasing and Blue Hawaiian were separate legal entities with separate purposes and responsibilities.
>
> Plaintiff is seeking to have the Court ignore the corporate structures of Nevada Leasing and Blue Hawaiian. Nothing in the record supports ignoring the corporate structure of the two separate entities.

(July 21, 2016 ORDER at pp. 35-36, ECF No. 172).

Plaintiff appealed the decision to the Ninth Circuit Court of Appeals.

On February 11, 2019, the Ninth Circuit Court of Appeals remanded proceedings to this Court. The Appellate Court ruled that there were genuine issues of material of fact concerning whether Nevada Leasing was in actual possession and control of the helicopter at the time of the crash. The Appellate Court ruled as follows:

> A genuine factual dispute exists as to whether or not David Chevalier—an owner of both Nevada Leasing and the lessee company, Helicopter Consultants of Maui, Inc., doing business as Blue Hawaiian Helicopter ("Blue Hawaiian") and Blue Hawaiian employees were acting as agents of Nevada Leasing and actually exercised control over the aircraft when it crashed. Chevalier owned about 89% of both Nevada Leasing and Blue Hawaiian. In the 2010 version of the Master Lease Agreement, Chevalier was the sole signatory and signed on behalf of both Nevada Leasing and Blue Hawaiian. Chevalier stated in his deposition that the employees of Blue Hawaiian often performed aircraft-related tasks for Nevada Leasing, including administering aircraft leases and making decisions about fixed minimum rent for the aircraft, and that Chevalier had executive authority in his roles as both Blue Hawaiian and Nevada Leasing to cancel flights. Taking these facts together, a jury

5

could find that Blue Hawaiian personnel, Chevalier, or both, as agents of Nevada Leasing, had actual control of the aircraft.

(February 11, 2019 Ninth Circuit Order, ECF No. 358).

Defendant Nevada Leasing seeks to bifurcate trial. Defendant seeks first to determine the control issue before proceeding to the trial on the remaining issues relating to Plaintiff's state law causes of action. Defendant seeks bifurcation on the bases that a separate trial on the control issue might be dispositive of Plaintiff's claims, would promote judicial economy, preserve resources of the Parties, and it would not prejudice the Plaintiff.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 42(b) provides, in pertinent part:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counter-claims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b).

District courts have broad authority to try issues or claims separately pursuant to Fed. R. Civ. P. 42(b). M2 Software, Inc. v. Madacy Entm't, 421 F.3d 1073, 1088 (9th Cir. 2005).

In determining whether separate trials are appropriate, courts consider several factors, most commonly whether separate trials will result in judicial economy and whether separate

6

trials will unduly prejudice either party. Dollar Sys., Inc. v. Avcar Leasing Sys., Inc., 890 F.2d 165, 170 (9th Cir. 1989); MySpace, Inc. v. Graphon Corp., 732 F.Supp.2d 915, 917 (N.D. Cal. 2010).

## ANALYSIS

Federal Rule of Civil Procedure 42(b) allows the District Court, in its discretion, to bifurcate trial on separate issues or claims for convenience of the Court and the Parties. In re Hyatt Corp., 262 F.R.D. 538, 543 (D. Haw. 2009).

Courts generally address the following factors when determining whether to bifurcate proceedings into separate trials:

(1) potential simplification and expedition of issues;

(2) conservation of judicial resources and resources of the parties;

(3) potential unfair prejudice to any of the parties;

(4) preservation of the parties' right to a jury trial.

See Jinro Am. Inc. v. Secure Investments, Inc., 266 F.3d 993, 998 (9th Cir. 2001); Clark v. I.R.S., 772 F.Supp.2d 1265, 1269 (D. Haw. 2009); Corvello v. New England Gas Co., Inc., 247 F.R.D. 282, 286 (D.R.I. 2008).

Rule 42(b) is intended to further a number of significant policies but it is the interest of efficient judicial administration that is controlling under the rule, rather than the wishes of the parties. 9A Wright & Miller, § 2388, at pp.

7

93-94 (3d ed., supp. 2019) (citing Mosqueda v. City of Los Angeles, 171 Fed. Appx. 16 (9th Cir. 2006)).

**A.    Simplification And Expedition Of Issues**

The Ninth Circuit Court of Appeals has explained that bifurcation is permitted to "first deal[] with an easier, dispositive issue." Estate of Diaz v. City of Anaheim, 840 F.3d 592, 601 (9th Cir. 2016) (citing Danjaq LLC v. Sony Corp., 263 F.3d 942, 961 (9th Cir. 2001)).

Here, the control issue pursuant to 49 U.S.C. § 44112(b) is potentially dispositive of the entire case.

There is no dispute that Defendant Nevada Helicopter Leasing LLC was the lessor and owner of the 2010 Eurocopter France model EC130 B4 helicopter ("Subject Helicopter"), which was piloted by Nathan Cline, and crashed on the island of Molokai on November 10, 2011.

The preliminary question at issue in this case is whether Defendant Nevada Helicopter Leasing LLC ("Nevada Leasing" may be held liable for damages.  The question turns on the application of the federal Limitation Of Liability statute for aircraft owners codified at 49 U.S.C. § 44112(b).

Defendant Nevada Leasing seeks to bifurcate trial and have trial on the issue of control before trial on the remaining state law issues.  Defendant asserts that bifurcation is appropriate because the control issue is potentially dispositive and is

8

wholly separate from the merits of Plaintiff's strict liability and negligence claims.

Courts have routinely ordered bifurcation when there is a separate, potentially dispositive issue concerning liability. See Allstate Ins. Co. v. Breeden, 410 Fed. Appx. 6, 9 (9th Cir. 2010) (finding the insurance company's action seeking declaration that it owned no obligation for property loss caused by insured's deceit was dispositive issue that was properly bifurcated); Athridge v. Aetna Cas. & Sur. Co., 604 F.3d 625, 635 (D.C. Cir. 2010); Houlahan v. Aiello, 2018 WL 1413365, *2 (D.D.C. 2018); Brough v. O.C. Tanner Co., 2018 WL 1183375, *1-*2 (D. Utah 2018); Doe No. 1 v. Knights of Columbus, 930 F.Supp.2d 337, 378-82 (D. Conn. 2013).

Bifurcation in this case would allow the Parties and the Court to "first deal[] with an easier, dispositive issue." Estate of Diaz, 840 F.3d at 601. A verdict as to the issue of control is potentially dispositive, and would also, at a minimum, simplify issues for a subsequent trial and would avoid confusion of the federal law preemption issue with the merits of the state law causes of action.

**B. Conservation Of Resources**

Bifurcation is particularly appropriate when it would permit the deferral of costly and possibly unnecessary proceedings, pending resolution of a potentially dispositive preliminary

9

issue. Exxon Co. v. Sofec, Inc., 54 F.3d 570, 576 (9th Cir. 1995).

Here, the issue of control is potentially dispositive. The facts relating to control are limited to a small number of witnesses and limited documentary evidence as to the legal and corporate structure of Nevada Leasing and its relationship with Blue Hawaiian Helicopters. (February 11, 2019 Ninth Circuit Order, ECF No. 358).

Allowing the Parties and the Court to conserve resources and potentially avoid unnecessary proceedings favors bifurcation.

**C. Risk Of Unfair Prejudice**

Bifurcation would be improper when separate trials would result in prejudice to a party, for example, by increasing expense, causing duplication of evidence, or deciding overlapping issues.

Here, resolution of the control issue would minimize expense and will not unduly burden either Party. Further, there is little overlap of evidence and issues relating to control and the merits of Plaintiff's state law claims. The majority of the evidence relating to control is limited to the corporate and legal organization of Defendant and Blue Hawaiian Helicopters, which is not related to the negligence and strict liability claims. At the first trial, testimony of Defendant's corporate officers and employees would be limited the issue of control.

There is also no risk of inconsistent verdicts. Adjudication of the control issue would merely streamline the issues for trial on Plaintiff's state law causes of action. The jury's decision on control would either be dispositive of Plaintiff's claims or would allow Plaintiff's state law claims to go forward at a subsequent trial.

**D.     Preservation Of The Parties' Right To Jury Trial**

Rule 42(b) specifically requires that separate trial orders "preserve any federal right to a jury trial." Rule 42(b) cannot be used to deprive a party of its right to a jury trial on legal issues. <u>Beacon Theatres, Inc. v. Westover</u>, 359 U.S. 500, 504 (1959).

Issues relating to a party's right to a jury trial arise when there are interwoven equitable issues and legal questions. Legal claims must be tried before the equitable claims to avoid any possible infringement on the right to a jury trial. <u>Dollar Sys., Inc. v. Avcar Leasing, Inc.</u>, 890 F.2d 165, 170 (9th Cir. 1989).

Here, the control issue is not a separate equitable claim and will be decided by a jury, not the Court. There is no threat to Plaintiff's right to a jury trial by ordering bifurcation.

Plaintiff's Opposition raises issues with respect to whether one or two juries will be employed. When a court grants a separate trial, District Courts have very broad latitude to employ two juries, rather than one, as long as the two juries do

not decide the same issue. Moore's Fed. Practice 3d § 42.22[4] (2018) (citing Houseman v. United States Aviation Underwriters, 171 F.3d 1117, 1126 (7th Cir. 1999) (while both juries may examine overlapping evidence, they may not both decide same factual issues that are common to both trials); Navelski v. Int'l Paper Co., 261 F.Supp.3d 1212, 1218-19 (N.D. Fla. 2017)).

The Court exercises its discretion to employ two separate juries. United Air Lines, Inc. v. Wiener, 286 F.2d 302, 305 (9th Cir. 1961) (explaining there may be instances where the use of two separate juries is appropriate); see In re Innotron Diagnostics, 800 F.2d 1077, 1086 (Fed. Cir. 1986) (explaining that a district court may order bifurcation with two separate juries and it does not interfere with a party's Seventh Amendment right to a jury trial); Sanford v. Johns-Manville Sales Corp., 923 F.2d 1142, 1146 n.7 (5th Cir. 1991).

//
//
//
//
//
//
//
//
//
//

**CONCLUSION**

Defendant Nevada Helicopter Leasing LLC's Motion To Bifurcate Trial (ECF No. 380) is **GRANTED**.

A jury trial on the application of 49 U.S.C. § 44112(b) to Defendant Nevada Helicopter Leasing LLC shall be held on Monday, January 13, 2020.

Depending on the outcome of the first trial, a jury trial on all remaining issues will be held, if necessary, on Tuesday, June 2, 2020.

IT IS SO ORDERED.

DATED: November 5, 2019, Honolulu, Hawaii.

Helen Gillmor
United States District Judge