```
            IN THE UNITED STATES DISTRICT COURT

               FOR THE DISTRICT OF HAWAII

VIOLETA ESCOBAR, also known as  )  Civ. No. 13-00598 HG-WRP
VIOLETA ESCOBAR CLINE,          )
Individually and as Personal    )
Representative for the ESTATE   )
OF NATHAN CLINE, Deceased,      )
                                )
              Plaintiff,        )
                                )
         vs.                    )
                                )
NEVADA HELICOPTER LEASING LLC,  )
                                )
              Defendant.        )
_____)
```

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE THE EXPERT DISCLOSURE OF DOUGLAS E. STIMPSON (ECF No. 379) AS UNTIMELY**

**AND**

**PERMITTING DOUGLAS E. STIMPSON TO TESTIFY AS AN EXPERT IN THE AVIATION INDUSTRY**

**AND**

**DEFERRING RULING ON HIS ABILITY TO TESTIFY AS AN ACCIDENT RECONSTRUCTION EXPERT**

In November 2011, a helicopter piloted by the Plaintiff's husband crashed on the island of Molokai.

In November 2013, Plaintiff filed a complaint against Defendant Nevada Helicopter Leasing LLC and other defendants, asserting state law negligence and strict liability claims.

In July 2016, the Court granted Defendant Nevada Helicopter Leasing LLC's Motion for Summary Judgment.

1

In March 2017, Plaintiff entered into a Stipulation to dismiss her case against the remaining defendants pursuant to a settlement agreement.

Following the March 2017 settlement, Plaintiff appealed the Court's July 2016 Order granting summary judgment to Defendant Nevada Helicopter Leasing LLC.

In February 2019, the Ninth Circuit Court of Appeals reversed the District Court's summary judgment order and proceedings were remanded to this Court.

Upon remand, on March 25, 2019, the Magistrate Judge held a Rule 16 Scheduling Conference. The Magistrate Judge issued a scheduling order that permitted the Parties to engage in discovery and to provide expert disclosures based on the factual issues identified by the Ninth Circuit Court of Appeals. The deadline for Defendant Nevada Helicopter Leasing LLC to provide expert disclosures was set for May 1, 2019.

Pursuant to the Rule 16 Scheduling Order, on May 1, 2019, Defendant Nevada Helicopter Leasing LLC disclosed the expert report of Douglas E. Stimpson.

Plaintiff objects to the disclosure as being untimely. Plaintiff's objection is without merit. Stimpson's May 1, 2019 Report is timely and is specifically permitted pursuant to the Magistrate Judge's March 25, 2019 Second Amended Rule 16 Scheduling Order.

Plaintiff also objects to Stimpson being called as an expert based on his qualifications.

Defendant seeks to call Stimpson as an expert in two separate fields.

<u>First</u>, Defendant seeks to call Stimpson as an expert in the aviation industry, specifically with respect to on-demand and commuter aircraft operations and the requirements set forth in Federal Aviation Administration Regulations Part 135, 14 C.F.R. § 135 <u>et</u> <u>seq</u>.

<u>Second</u>, Defendant Nevada Helicopter Leasing LLC seeks to call Stimpson as an accident reconstruction expert.

PLAINTIFF'S MOTION TO STRIKE EXPERT DISCLOSURE OF DOUGLAS E. STIMPSON (ECF No. 379) is **DENIED**. The Court **RULES**, as follows:

(1) Defendant's expert disclosure of Douglas E. Stimpson is timely. The expert disclosure was timely noticed in conformity with the Court's March 25, 2019 Scheduling Order.

(2) Stimpson is permitted to testify in the first trial as an expert in the aviation industry, including on-demand and commuter aircraft operations.

(3) The Court reserves ruling on Stimpson as an accident reconstruction expert until the conclusion of the first trial. The cause of the helicopter accident is not relevant for the first phase of the bifurcated trial. The first trial is limited to the factual issues identified by the Ninth Circuit Court of Appeals in its Memorandum Opinion, as to whether Defendant Nevada Helicopter Leasing LLC had actual possession or operational control of the subject helicopter at the time of the crash.

At the conclusion of the first trial, the Court will address Plaintiff's request to file a rebuttal to

Stimpson's accident reconstruction report.

**PROCEDURAL HISTORY**

On November 6, 2013, Plaintiff filed her Complaint. (ECF No. 1).

On July 17, 2015, Plaintiff filed her First Amended Complaint. (ECF No. 32).

On July 21, 2016, the Court issued an ORDER GRANTING DEFENDANT NEVADA HELICOPTER LEASING LLC'S MOTION FOR SUMMARY JUDGMENT. (ECF No. 172).

On March 3, 2017, the Court issued a STIPULATION FOR DISMISSAL OF ALL CLAIMS BY AND BETWEEN PLAINTIFF VIOLETA ESCOBAR AND AIRBUS GROUP, S.E. WITH PREJUDICE. (ECF No. 347).

On March 30, 2017, Plaintiff filed a Notice of Appeal of the Court's Order on Summary Judgment. (ECF No. 348).

On February 11, 2019, the Ninth Circuit Court of Appeals issued a Memorandum Opinion and reversed and remanded proceedings. (ECF No. 358).

On March 5, 2019, the Mandate was issued. (ECF No. 359).

On March 25, 2019, the Magistrate Judge held a Rule 16 Scheduling Conference. (ECF No. 366).

On the same date, the Magistrate Judge issued the SECOND AMENDED SCHEDULING ORDER. (ECF No. 368).

Pursuant to the Magistrate Judge's Scheduling Order (ECF No.

368), on May 1, 2019, Defendant disclosed the expert report of Douglas E. Stimpson.  (ECF No. 376).

On May 13, 2019, Plaintiff filed PLAINTIFF'S MOTION TO STRIKE THE EXPERT DISCLOSURE OF MR. DOUGLAS E. STIMPSON.  (ECF No. 379).

On June 17, 2019, Defendant filed its Opposition.  (ECF No. 386).

On July 10, 2019, Plaintiff filed her Reply.  (ECF No. 390).

On October 4, 2019, the Court held a Status Conference and allowed additional briefing on the issue and set a hearing for Mr. Stimpson to testify in support of his expert disclosure.  (ECF No. 395).

On October 15, 2019, Plaintiff filed a Memorandum in Support of its Motion to Strike Douglas E. Stimpson.  (ECF No. 396).

On October 25, 2019, Defendant filed its Exhibit List.  (ECF No. 398).

On October 28, 2019, Plaintiff filed her Exhibit List.  (ECF No. 400).

On the same date, Plaintiff filed her Objections to Defendant's Exhibit List.  (ECF No. 401).

On October 30, 2019, the Court held an evidentiary hearing on Plaintiff's Motion to Strike the Expert Disclosure of Mr. Douglas E. Stimpson and allowed Mr. Stimpson to testify.  (ECF No. 402).

**STANDARD OF REVIEW**

Federal Rule of Evidence 702 provides that "scientific, technical, or other specialized knowledge" by a qualified expert is admissible if it will "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Civ. P. 702.

The United States Supreme Court, in Daubert v. Merrell Dow Pharms., 509 U.S. 579, 589 (1993), held that the District Court has a gatekeeping responsibility to objectively screen expert testimony to ensure that it is not only relevant, but reliable. The District Court's obligation applies to technical and other specialized knowledge as well as testimony based on scientific knowledge. Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 141-42 (1999).

The Ninth Circuit Court of Appeals has explained that expert testimony is relevant if the evidence logically advances a material aspect of the party's case. Estate of Barabin v. AstenJohnson, Inc., 740 F.3d 457, 463-64 (9th Cir. 2014). The Court considers if an expert's testimony has a reliable basis in the knowledge and experience of the relevant discipline. Kumho, 526 U.S. at 149.

The District Court's inquiry into the admissibility of an expert's testimony, pursuant to Daubert, is a flexible one. Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc., 738 F.3d 960,

969 (9th Cir. 2013). The trial court has discretion to decide how to test an expert's testimony for reliability, as well as relevance, based on the particular circumstances of the case. Primiano v. Cook, 598 F.3d 558, 564 (9th Cir. 2010). The reliability of an expert's testimony about a relevant issue is best attacked by cross examination, contrary evidence, and attention to the burden of proof, not by exclusion. Daubert, 509 U.S. at 564.

The trial court is "supposed to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable." Alaska Rent-A-Car, 738 F.3d at 969. The District Court is tasked with deciding if the expert's testimony has substance such that it would be helpful to a jury, not in deciding if the expert is right or wrong. Id. at 969-70.

**I.  Defendant Nevada Helicopter Leasing LLC's Expert Disclosure of Douglas E. Stimpson Is Timely**

Federal Rule of Civil Procedure 26(a)(2) requires the disclosure of the identity of expert witnesses expected to give evidence at trial. The rule also requires that such disclosure be accompanied by a written report from the expert absent a stipulation or court order providing otherwise.

The timing of the expert disclosures is set forth in Federal Rule of Civil procedure 26(a)(2)(D). Fed. R. Civ. P. 26(a)(2)(D) provides that, "[a] party must make these disclosures at the

times and in the sequence that the court orders."

> **A. Expert Disclosures Were Permitted In The Court's Second Amended Rule 16 Scheduling Order**

On November 10, 2011, the helicopter that is subject to this lawsuit crashed on the island of Molokai.

Two years later, on November 6, 2013, Plaintiff filed the Complaint. (ECF No. 1).

Plaintiff, the wife of the helicopter pilot, asserted state law claims for strict liability and negligence against Defendant Nevada Helicopter Leasing LLC ("Nevada Leasing") and other defendants. (Id.)

On July 21, 2016, this Court granted Defendant Nevada Leasing's Motion for Summary Judgment on the ground that 49 U.S.C. § 44112, the Federal Aviation Act's Limitations on Liability statute, barred all of Plaintiff's claims against Nevada Leasing. (ECF No. 172).

Following the Court's order, Plaintiff settled her claims against the remaining defendants. (ECF No. 347).

On March 30, 2017, Plaintiff appealed the Court's order granting Nevada Leasing summary judgment. (ECF No. 348).

On February 11, 2019, the Ninth Circuit Court of Appeals issued a Memorandum Opinion reversing the Court's summary judgment order, finding there was genuine issues of material fact at issue regarding whether Nevada Leasing had operational control

of the helicopter at the time of the crash. (ECF No. 358).

On March 5, 2019, the mandate was issued. (ECF No. 359).

On the same date, the Magistrate Judge issued an Electronic Order setting a Rule 16 Scheduling Conference for March 25, 2019. (ECF No. 360).

On March 25, 2019, the Magistrate Judge held the Rule 16 Scheduling Conference. (ECF No. 366).

On the same date, the Magistrate Judge issued the SECOND AMENDED SCHEDULING ORDER. (ECF No. 368). Pursuant to Federal Rule of Civil Procedure 16, the Magistrate Judge set all new scheduling deadlines on remand, including a new discovery deadline. (ECF No. 366). The Rule 16 Scheduling Order provided deadlines for the Parties to file expert disclosures, as follows:

> Pursuant to Fed. R. Civ. P. 26(a)(2), each party shall disclose to each other party the identity and written report of any person who may be used at trial to present expert evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. The disclosures pursuant to this paragraph shall be according to the following schedule:
>
> a. All plaintiffs shall comply by April 1, 2019.
>
> b. All defendants shall comply by May 1, 2019.
>
> Disclosure of the identity and written report of any person who may be called solely to contradict or rebut the evidence of a witness identified by another party pursuant to subparagraphs a and b hereinabove shall occur within thirty (30) days after the disclosure by the other party.

(Second Amended Scheduling Order at ¶ 11, ECF No. 366).

Neither Party objected to the Magistrate Judge's Order.

9

Pursuant to the Scheduling Order, on May 1, 2019, Defendant Nevada Leasing disclosed the identity and written report of its expert Douglas E. Stimpson. (Certificate of Service of Defendant's Rule 26 Expert Disclosures Pursuant to Second Amended Scheduling Order, ECF No. 376; Stimpson Expert Report attached as Ex. 11 to Def.'s Opp., ECF No. 386-11).

**B.     Defendant's Disclosure Of Douglas E. Stimpson Was Timely Pursuant To The Court's Second Amended Rule 16 Scheduling Order**

A district court has wide discretion in controlling discovery. Ollier v. Sweetwater Union High Sch. Dist., 768 F.3d 843, 862 (9th Cir. 2014).

Here, the Magistrate Judge set the schedule for trial following the remand from the Ninth Circuit Court of Appeals. In the Second Amended Scheduling Order, he allowed both Parties to engage in discovery and to disclose experts following the Ninth Circuit Court of Appeals' ruling. The Magistrate Judge set May 1, 2019 as the deadline for Defendant's expert disclosure. Defendant complied with the May 1, 2019 deadline and served Plaintiff with the written expert report for Douglas E. Stimpson on May 1, 2019.

Plaintiff never filed an objection to the deadlines set in the Magistrate Judge's Scheduling Order. Plaintiff also did not appeal the Scheduling Order to the District Court Judge.

Plaintiff now argues that Defendant's May 1, 2019 disclosure, made pursuant to the Second Amended Scheduling Order, is untimely. There is no basis for Plaintiff's argument and it is wholly without merit. Plaintiff ignores both the Court's March 25, 2019 Scheduling Order and the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 26(a)(2)(D), provides, as follows:

> (D) *Time to Disclose Expert Testimony.* A party must make these disclosures **at the times and in the sequence that the court orders**. Absent a stipulation or a court order, the disclosures must be made:
>
> (i) at least 90 days before the date set for trial or for the case to be ready for trial; or
>
> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Fed. R. Civ. P. 26(a)(2)(D) (emphasis added).

Pursuant to Fed. R. Civ. P. 26(a)(D), the Court ordered the time and sequence of expert disclosures in its March 25, 2019 Scheduling Order. Defendant Nevada Leasing timely disclosed its expert Douglas E. Stimpson pursuant to the Scheduling Order and Fed. R. Civ. P. 26(a)(2)(D).

Plaintiff's lengthy argument made in an attempt to prevent Defendant's expert Stimpson from testifying is premised on an idea that the Court has no power to control the discovery process after remand. The Court, through the Magistrate Judge, gave both

11

sides an opportunity to name their experts on remand.  Plaintiff devoted considerable briefing to the argument that Stimpson's disclosure was untimely, when Defendant's expert disclosure was plainly consistent with the March 25, 2019 Scheduling Order.  Plaintiff's theory that the original 2016 scheduling order is somehow frozen in time is not well taken.  A Court must amend the scheduling order as necessary to ensure fairness, due process, and justice is afforded to all Parties, as the Court intended here.

## II. Douglas E. Stimpson May Provide Expert Testimony At Trial

Defendant Nevada Leasing seeks to have its expert Douglas E. Stimpson testify regarding standards in the aviation industry, specifically about on-demand and commuter aviation operations and the requirements of the Federal Aviation Administration's regulations governing leases as set forth in 14 C.F.R. § 135.

Plaintiff objects, arguing that Stimpson is not qualified to provide such testimony.

### A. Stimpson Is Qualified To Provide Expert Opinion About Standards In The Aviation Industry

The Court must decide if an expert's testimony has a reliable basis in the knowledge and experience of the relevant discipline in order to provide expert testimony.  Kumho, 526 U.S. at 149.

Stimpson was trained as a helicopter mechanic and flight engineer in the United States Air Force. (Stimpson C.V., attached as Ex. K to Pla.'s Reply, ECF No. 390-12).

Stimpson has over 45 years of experience in the aviation industry, particularly with operations subject to the requirements of Part 135 of the Federal Aviation Administration regulations. (Stimpson Aff. at ¶ 3, attached as Ex. 10 to Def.'s Opp., ECF No. 386-10). Part 135 of the Federal Aviation Administration regulations governs "commuter and on-demand" aviation operations. 14 C.F.R. § 135.1(a)(1). Stimpson's experience in Part 135 commuter and on-demand aviation operations is relevant for this case as Blue Hawaiian Helicopters is subject to such regulations.

From 1979 to 1990, Stimpson was employed by Turbo West CORPAC Inc., in Broomfield, Colorado. (Stimpson Aff. at ¶ 6, attached as Ex. 10 to Def.'s Opp., ECF No. 386-10). Stimpson was the Vice President of Services where he was responsible "for setting up and maintaining a full maintenance facility to accommodate Part 135 inspections and maintenance for companies and individuals requiring Part 135 services." (Id.) He also participated in setting up the company's own Part 135 certification as well as staffing and overseeing parts of the operations manual. (Id.)

From 1990 to 1994, Stimpson founded his own aviation company

where he "set up, staffed and managed a Part 135 maintenance facility to accommodate 135 operations. [He] also staffed and managed both pilots and aircraft conducting Part 135 operations on both fixed wing and helicopters. [He] was also responsible for maintaining the ops manual for the 135 certificate." (Id. at ¶ 7).

Since 1994, Stimpson has reviewed and researched aviation accidents and incidents involving Part 135 operations. (Id. at ¶ 8). He has also been an instructor at the University of Southern California Viterbi School of Engineering, Aviation Safety and Security Program since 2008. (Id. at ¶ 10).

Stimpson has numerous licenses, certificates, and ratings issued to him by the Federal Aviation Administration, including an Aircraft Dispatchers Certification which qualifies him to perform dispatch responsibilities for Part 135 operations. (Id. at ¶ 12).

Stimpson has testified on numerous occasions in federal court and has been regularly qualified as an expert. See McLean v. Air Methods Corp., Inc., 2014 WL 280343, *5 (D. Vt. Jan. 24, 2014); West v. Bell Helicopter Textron, Inc., 967 F.Supp.2d 479, 491 (D. N.H. Sept. 9, 2013); Fox v. DRA Services, LLC, 2012 WL 13020230, *11 (D. Wyo. May 17, 2012); Leahy v. Signature Engines, Inc., 2012 WL 1476072, *9 (S.D. Ohio April 24, 2012).

Stimpson is qualified based on his knowledge, skill,

experience, and training to provide expert opinion about standards in the aviation industry that are subject to Part 135 of the Federal Aviation Administration regulations. Kumho, 526 U.S. at 149.

**B.   Stimpson May Provide Expert Testimony On The Aviation Industry**

Expert testimony is admissible pursuant to Federal Rule of Evidence 702 if it concerns matter beyond the understanding of the average person. FTC v. BurnLounge, Inc., 753 F.3d 878, 888-89 (9th Cir. 2014) (explaining that the expert's testimony about whether the defendant's business was a pyramid scheme and about consumer harm was relevant and helpful to the trier of fact).

Expert testimony is admissible if it will simply help the trier of fact to put facts in context. Mueller v. Auker, 700 F.3d 1180, 1191 (9th Cir. 2012). Expert testimony that provides "appreciable help" to the trier of fact is admissible. United States v. Gwaltney, 790 F.2d 1378, 1381 (9th Cir. 1986).

The standards of the aviation industry are outside of the common knowledge of the public. Stimpson's testimony based on his 45 years of experience, skill, and training in the industry will help the jury to understand the aviation field and the business practices of leasing helicopters for on-demand and commuter operations.

Stimpson's testimony is helpful for the jury to understand

the relationship between Blue Hawaiian Helicopters and Nevada Leasing and the structure of their operations. His testimony is also helpful to explain Blue Hawaiian Helicopters' operations manual as well as their dispatch and maintenance procedures.

Stimpson may refer to the Federal Aviation Administration regulations in explaining the industry's business practices for on-demand and commuter aviation operations. An expert witness may refer to the law in expressing an opinion without rendering his testimony inadmissible. Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1017 (9th Cir. 2004). An expert witness "may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms." Id. (quoting Specht v. Jensen, 853 F.2d 805, 809 (10th Cir. 1988).

Stimpson may testify to factual matters relevant to whether Nevada Leasing had actual possession or operational control of the Subject Helicopter at the time of the crash. He may also provide testimony concerning the relationship between Nevada Leasing and Blue Hawaiian Helicopters.

Expert witnesses with skill or expertise in a particular industry may testify as to the meaning of contractual terms that have a specialized meaning in the industry, because evidence of those specialized meanings will assist the jury in interpreting the contract. Weinstein's Fed. Evid. § 702.03[3] (citing Kona

16

Tech. Corp. v. S. Pac. Transp. Co., 225 F.3d 595, 611 (5th Cir. 2000) (holding that the trial court may properly rely on individuals experienced in a particular field for explanation of the technical meaning of terms used in the industry).

Stimpson may testify as to aviation industry standards with respect to leasing of aircraft and the meaning of specialized terms in the leasing contracts. United States v. Diaz, 876 F.3d 1194, 1198-99 (9th Cir. 2017); see United States v. Scop, 846 F.2d 135, 140 (2d Cir. 1988), modified on other grounds, 856 F.2d 5 (2d Cir. 1988).

## **CONCLUSION**

PLAINTIFF'S MOTION TO STRIKE THE EXPERT DISCLOSURE OF DOUGLAS E. STIMPSON (ECF No. 379) is **DENIED**.

The Court **RULES**, as follows:

(1) Defendant's expert disclosure of Douglas E. Stimpson is timely. The expert disclosure was timely noticed in conformity with the Court's March 25, 2019 Scheduling Order.

(2) Stimpson is permitted to testify in the first trial as an expert in the aviation industry, including on-demand and commuter aircraft operations.

(3) The Court reserves ruling on Stimpson as an accident reconstruction expert until the conclusion of the first trial. The cause of the helicopter accident is not relevant for the first phase of the bifurcated trial. The first trial is limited to the factual issues identified by the Ninth Circuit Court of Appeals in its Memorandum Opinion, as to whether Defendant Nevada Helicopter Leasing LLC had actual possession or operational control of the subject helicopter at the

time of the crash.

At the conclusion of the first trial, the Court will address Plaintiff's request to file a rebuttal to Stimpson's accident reconstruction report.

Plaintiff may disclose the identity and written report of any person who may be called solely to contradict or rebut the evidence of Douglas E. Stimpson in his capacity as an aviation expert on or before Friday, December 13, 2019.

IT IS SO ORDERED.

Dated: November 25, 2019, Honolulu, Hawaii.

/s/ Helen Gillmor
Helen Gillmor
United States District Judge

Violeta Escobar, Individually and as Personal Representative for the Estate of Nathan Cline, Deceased, also known as Violeta Escobar Cline v. Nevada Helicopter Leasing, LLC, 13-cv-00598 HG-WRP **ORDER DENYING PLAINTIFF'S MOTION TO STRIKE THE EXPERT DISCLOSURE OF DOUGLAS E. STIMPSON (ECF No. 379) AS UNTIMELY AND PERMITTING DOUGLAS E. STIMPSON TO TESTIFY AS AN EXPERT IN THE AVIATION INDUSTRY AND DEFERRING RULING ON HIS ABILITY TO TESTIFY AS AN ACCIDENT RECONSTRUCTION EXPERT**