IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VIOLETA ESCOBAR, also known as ) <br> VIOLETA ESCOBAR CLINE, ) <br> Individually and as Personal ) <br> Representative for the ESTATE ) <br> OF NATHAN CLINE, Deceased, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NEVADA HELICOPTER LEASING LLC, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | Civ. No. 13-00598 HG-WRP |

**ORDER DENYING PLAINTIFF'S MOTION IN LIMINE NO. 1: LIMITING THE EXPERT TESTIMONY OF DOUGLAS E. STIMPSON (ECF No. 428)**

and

**GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFF'S MOTION IN LIMINE NO. 2: PROHIBITING REFERENCE TO THE PROBABLE CAUSE REPORT OF THE NATIONAL TRANSPORTATION SAFETY BOARD (ECF No. 429)**

In November 2011, a helicopter piloted by the Plaintiff's husband crashed on the island of Molokai. Plaintiff filed a complaint against Defendant Nevada Helicopter Leasing LLC, the owner of the Subject Helicopter, asserting negligence and strict liability claims.

In July 2016, the Federal District Court granted Defendant Nevada Helicopter Leasing LLC's Motion for Summary Judgment.

Plaintiff appealed and in February 2019, the case was remanded. The Ninth Circuit Court of Appeals found that there

                                        1

was an issue of fact as to whether Defendant Nevada Helicopter Leasing LLC ("Nevada Leasing") had actual possession or actual operational control of the Subject Helicopter at the time of the crash.

The Court ordered a bifurcated trial. The first trial is limited to the factual questions identified by the Appellate Court to determine whether Defendant Nevada Leasing may be held liable as the lessor of the Subject Helicopter pursuant to 49 U.S.C. § 44112(b).

Plaintiff has filed two motions in limine regarding the first trial.

## ANALYSIS

### Plaintiff's Motion in Limine No. 1: Limiting The Expert Testimony Of Douglas E. Stimpson (ECF No. 428)

Plaintiff's Motion in Limine No. 1 seeks to limit the expert testimony of Defendant's expert Douglas E. Stimpson.

On October 30, 2019, the Court held a Daubert to determine what Mr. Stimpson could say at trial. (Minutes from October 30, 2019, ECF No. 402). Mr. Stimpson testified for nearly two hours. (Id.)

The Court issued a written order detailing its ruling that Mr. Stimpson may testify as an expert in the aviation industry. (ORDER DENYING PLAINTIFF'S MOTION TO STRIKE THE EXPERT DISCLOSURE OF DOUGLAS E. STIMPSON AS UNTIMELY AND PERMITTING DOUGLAS E.

STIMPSON TO TESTIFY AS AN EXPERT IN THE AVIATION INDUSTRY AND DEFERRING RULING ON HIS ABILITY TO TESTIFY AS AN ACCIDENT RECONSTRUCTION EXPERT, ECF No. 420).

### 1. Mr. Stimpson Is Qualified And Permitted To Testify As An Expert In The Aviation Industry

On May 1, 2019, Defendant disclosed the written report for Mr. Douglas Stimpson along with his curriculum vitae pursuant to the Magistrate Judge's March 25, 2019 Rule 16 Scheduling Order. (ECF No. 376).

After receiving the May 1, 2019 written disclosure, Plaintiff filed a Motion to Strike Mr. Stimpson as an expert on May 13, 2019. (ECF No. 379).

In response and pursuant to the Court's briefing schedule, Defendant submitted an Opposition to Plaintiff's Motion and included an affidavit from Mr. Stimpson that explained further the basis for his expertise in the aviation field regarding on-demand and commuter operations. (June 17, 2019 Affidavit attached as Ex. 10 to Def.'s Opp., ECF No. 386-10).

On October 30, 2019, the Court held a <u>Daubert</u> hearing and a hearing on Plaintiff's Motion to Strike Mr. Stimpson. (ECF No. 402). Mr. Stimpson testified for nearly two hours and was subject to extensive cross-examination by Plaintiff's counsel.

Following the hearing, the Court issued a written order denying Plaintiff's Motion to Strike. (Order dated November 25,

3

2019, ECF No. 420). The Court specifically found that Mr. Stimpson is permitted to testify in the first trial as an expert in the aviation industry concerning on-demand and commuter aircraft operations. (Order at p. 17, ECF No. 420).

The Court explained that the May 1, 2019 disclosure that contained the written expert report and curriculum vitae for Mr. Stimpson was timely disclosed pursuant to the Magistrate Judge's Rule 16 Scheduling Order. (Id. at pp. 10-11).

Plaintiff's Motion in Limine No. 1 argues that Mr. Stimpson's June 17, 2019 Affidavit should be excluded from trial. Defendant concedes that it does not seek to introduce the June 17, 2019 Affidavit at trial and it will not be admitted. Mr. Stimpson, however, is not precluded from testifying in conformity to the information contained in his June 17, 2019 Affidavit. Mr. Stimpson may set forth the basis for his expertise before the jury to allow the jury to evaluate his credibility and the weight of his testimony. Plaintiff had extensive opportunity to cross-examine Mr. Stimpson about his expertise during the Daubert hearing and there is no prejudice to the Plaintiff in allowing him to testify in conformity with his Affidavit.

Plaintiff's Motion in Limine No. 1 is an attempt to re-litigate issues regarding Mr. Stimpson's expertise that Plaintiff either already unsuccessfully argued or could have previously raised. The Court finds no basis to alter its prior decision.

4

Contrary to Plaintiff's argument, the June 17, 2019 Affidavit did not inappropriately attempt to "shore up his initial report to address the weaknesses in his [May 1, 2019 disclosure." (Pla.'s Motion at p. 11, ECF No. 428-1). Pursuant to the numerous filings and testimony at the Daubert hearing, the Court found Mr. Stimpson is amply qualified to testify as an expert in the aviation industry, specifically with respect to on-demand and commuter aircraft. Plaintiff may cross-examine Mr. Stimpson at trial.

### 2. Defendant Does Not Seek To Introduce Mr. Stimpson's Expert Report Or Affidavit At Trial

Plaintiff's Motion also seeks to preclude the introduction of both Mr. Stimpson's written expert report and his affidavit submitted in support of the Daubert hearing.

Defendant states that it does not intend to offer Mr. Stimpson's written report or his affidavit at trial. Expert reports are generally inadmissible hearsay but may be admissible if there is an exception to hearsay. Fed. R. Evid. 802. For example, Defendant is not precluded from refreshing Mr. Stimpson's recollection with his expert report.

### 3. Accident Reconstruction Is Not Relevant To The Operational Control Issue Raised In The First Trial

Finally, Plaintiff seeks a ruling regarding Mr. Stimpson's

ability to testify as an accident reconstructionist. Again, the Court has already addressed this issue. In its November 25, 2019 Order, the Court stated:

> The Court reserves ruling on Stimpson as an accident reconstruction expert until the conclusion of the first trial. The cause of the helicopter accident is not relevant for the first phase of the bifurcated trial. The first trial is limited to the factual issues identified by the Ninth Circuit Court of Appeals in its Memorandum Opinion.

(Order at pp. 17-18, ECF No. 420).

Plaintiff's Motion in Limine No. 1 (ECF No. 428) is **DENIED**.

**Plaintiff's Motion in Limine No. 2: Prohibiting Reference To The Probable Cause Report Of The National Transportation Safety Board (ECF No. 429)**

Plaintiff's Motion in Limine No. 2 seeks to prohibit reference to what she refers to as "the probable cause report" of the National Transportation Safety Board ("NTSB") regarding the cause of the November 10, 2011 helicopter accident.

Neither party has disclosed any NTSB reports as trial exhibits for the first trial.

Defendant agrees that it does not intend to introduce the NTSB's probable cause report into evidence at the first stage of the bifurcated trial, because the cause of the accident is not relevant to the issue of operational control.

Defendant maintains, however, that the NTSB probable cause report contains findings of fact that are admissible and may be

6

relevant for the second phase of trial, if such a trial is necessary.

Defendant also states that it should not be precluded from using the NTSB reports "not related to probable cause for purposes of refreshing a witness's recollection or for other evidentiary purposes." (Def.'s Opp. at p. 4, ECF No. 433).

**1.   The National Transportation Safety Board**

The National Transportation Safety Board ("NTSB") is a federal agency responsible for investigating aviation accidents, determining probable cause of accidents, and making recommendations to help protect against future accidents. 49 U.S.C. §§ 1131, 1132, 1135. The NTSB does not promulgate or enforce air safety regulations, and it does not adjudicate claims over liability for accidents. Gibson v. Nat'l Transp. Safety Bd., 118 F.3d 1312, 1314-15 (9th Cir. 1997). The NTSB is charged with analyzing accidents in order to make recommendations to prevent similar accidents in the future. Chiron Corp. and PerSeptive Biosystems, Inc. v. Nat'l Transp. Safety Bd., 198 F.3d 935, 937 (D.C. Cir. 1999).

An officer or employee of the NTSB may enter a site where an accident has occurred and do anything necessary to conduct an investigation. 49 U.S.C. § 1134(a)(1). The NTSB may inspect and test aircraft that has been involved in an accident and it has

7

the sole discretion to determine how those tests are to be conducted. 49 U.S.C. § 1134(b),(d).

An NTSB investigation is a fact-finding proceeding with no formal issues to be adjudicated and no adverse parties as it is not conducted for the purposes of determining the rights or liabilities of any person or entity. 49 C.F.R. § 831.4.

The federal regulations explain that the NTSB creates two different types of reports: "Board accident reports" and "factual accident reports". 49 C.F.R. § 835.2.

### 2. NTSB Board Accident Reports Are Not Admissible

49 U.S.C. § 1154(b) states that "Board Accident Reports" should not be admitted into evidence at trial. 49 U.S.C. § 1154(b) provides:

> No part of a report of the Board, related to an accident or an investigation of an accident, may be admitted into evidence or used in a civil action for damages resulting from a matter mentioned in the report.

49 U.S.C. § 1154(b). The regulations define a "Board Accident Report" as "the report containing the Board's determinations, including the probable cause of an accident, issued either as a narrative report or in a computer format ('briefs' of accidents)." 49 C.F.R. 835.2.

The Ninth Circuit Court of Appeals has held that NTSB Board Accident Reports are not admissible at trial. Benna v. Reeder

Flying Service Inc., 578 F.2d 269, 272-73 (9th Cir. 1978).

The NTSB Board Accident Reports are not admissible because the conclusions or opinions of the administrative agencies or boards or any testimony reflecting directly or indirectly on the ultimate views or findings of the agency or board tend to usurp the function of the jury. Universal Airline v. E. Air Lines, 188 F.2d 993, 1000 (D.C. Cir. 1951).

Pursuant to 49 U.S.C. § 1154(b) and 49 C.F.R. § 835.2, the NTSB Board Accident Reports concerning the November 10, 2011 helicopter accident are not admissible at trial. Benna, 578 F.2d at 272-73. The Parties are precluded from referencing the NTSB Board's Accident Reports, the legal conclusions, opinions, or probable cause determinations of the NTSB before the jury. See Dowe v. Nat'l Railroad Passenger Corp., 2004 WL 1375692, *6-*7 (N.D. Ill. May 28, 2004).

### 3. NTSB Factual Accident Reports May Be Admissible

A NTSB "Factual Accident Report" is defined in the federal regulations as "the report containing the results of the investigator's investigation of the accident. The Board does not object to, and there is no statutory bar to, admission in litigation of factual accident reports." 49 C.F.R. § 835.2.

Factual Accident Reports from the NTSB are admissible at trial. Sheesley v. The Cessna Aircraft Co., 2006 WL 1084103, *37

9

(D.S.D. Apr. 20, 2006). The federal regulations also allow for limited testimony to be provided by employees of the NTSB. 49 C.F.R. § 835.3. The scope of the NTSB employees' testimony is limited to the following:

> [T]he firsthand information they obtained during an investigation that is not reasonably available elsewhere, including observations recorded in their own factual accident reports. Consistent with the principles cited in § 835.1 and this section, current Board employees are not authorized to testify regarding other employee's reports, or other types of Board documents, including but not limited to safety recommendations, safety studies, safety proposals, safety accomplishments, reports labeled studies, and analysis reports, as they contain staff analysis and/or Board conclusions.

49 C.F.R. § 835.3(c).

The Ninth Circuit Court of Appeals has permitted the use of NTSB Factual Accident Reports so long as they do not express agency views or conclusions as to the probable cause of the accident. See Protectus Alpha Nav. Co., LTD. v. N. Pac. Grain Growers, Inc., 767 F.2d 1379, 1385 (9th Cir. 1985); Dunn v. Grand Canyon Airlines, Inc., 66 F.3d 334, 1995 WL 547723, at *3 (9th Cir. 1995).

Plaintiff's Motion in Limine No. 2 (ECF No. 429) is **GRANTED, IN PART, AND DENIED, IN PART.**

The NTSB Board Accident Reports concerning the legal opinions and conclusions regarding the probable cause for the November 10, 2011 helicopter accident are not admissible at trial.

The NTSB Factual Accident Reports are admissible, with the exception of any portion that expresses agency views or conclusions as to the probable cause of the accident.

## CONCLUSION

Plaintiff's Motion in Limine No. 1: Limiting The Expert Testimony Of Douglas E. Stimpson (ECF No. 428) is **DENIED.**

Plaintiff's Motion in Limine No. 2: Prohibiting Reference To The Probable Cause Report Of The National Transportation Safety Board (ECF No. 429) is **GRANTED, IN PART, AND DENIED, IN PART.**

IT IS SO ORDERED.

Dated: January 8, 2020, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Violeta Escobar, also known as Violeta Escobar Cline, Individually, and as Personal Representative for the Estate of Nathan Cline, Deceased v. Nevada Helicopter Leasing, LLC, Civil No. 13-00598 HG-WRP; **ORDER DENYING PLAINTIFF'S MOTIONS IN LIMINE NO. 1: LIMITING THE EXPERT TESTIMONY OF DOUGLAS E. STIMPSON (ECF No. 428) and GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFF'S MOTION IN LIMINE NO. 2: PROHIBITING REFERENCE TO THE PROBABLE CAUSE REPORT OF THE NATIONAL TRANSPORTATION SAFETY BOARD (ECF No. 429)** 11