IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VIOLETA ESCOBAR, also known as VIOLETA ESCOBAR CLINE, Individually and as Personal Representative for the ESTATE OF NATHAN CLINE, Deceased, <br><br> Plaintiff, <br><br> vs. <br><br> NEVADA HELICOPTER LEASING LLC, <br><br> Defendant. | Civ. No. 13-00598 HG-WRP |

**ORDER DENYING PLAINTIFF'S MOTION TO CERTIFY ORDERS FOR INTERLOCUTORY APPEAL (ECF No. 482)**

In November 2011, a helicopter piloted by the Plaintiff's husband crashed on the island of Molokai. Plaintiff filed a Complaint against Defendant Nevada Helicopter Leasing LLC, the owner of the Subject Helicopter, and other Defendants, asserting negligence and strict liability claims.

In July 2016, the Federal District Court granted Defendant Nevada Helicopter Leasing LLC's Motion for Summary Judgment.

Plaintiff appealed and in February 2019, the case was remanded. The Ninth Circuit Court of Appeals found that there were issues of fact as to whether Defendant Nevada Helicopter Leasing LLC had actual possession or actual control of the Subject Helicopter at the time of the crash.

1

On remand, the District Court granted Defendant Nevada Helicopter Leasing LLC's Motion to Bifurcate the trial based on the decision from the Ninth Circuit Court of Appeals.

The District Court set the first trial for January 13, 2020.

The District Court issued various orders in preparing for trial.

On November 14, 2019, the Court issued a Minute Order denying Plaintiff's claim that David Chevalier's deposition testimony constituted a judicial admission. (ECF No. 413).

On November 25, 2019, the Court issued an ORDER DENYING PLAINTIFF'S MOTION TO STRIKE THE EXPERT DISCLOSURE OF DOUGLAS E. STIMPSON AS UNTIMELY AND PERMITTING DOUGLAS E. STIMPSON TO TESTIFY AS AN EXPERT IN THE AVIATION INDUSTRY AND DEFERRING RULING ON HIS ABILITY TO TESTIFY AS AN ACCIDENT RECONSTRUCTION EXPERT. (ECF No. 420).

On January 7, 2020, the Court held a Final Pretrial Conference. (ECF No. 476). The Court issued oral rulings on some of the Parties' Motions in Limine and indicated it would file written orders. (Id.)

On January 8, 2020, the Court issued an Evidentiary Ruling that found the FAA's 2016 Advisory Circular 91-37B, at Exhibit 1007 was admissible and the FAA's 1978 Advisory Circular 91-37A, at Exhibit 8, is inadmissible. (ECF No. 477).

Also on January 8, 2020, the Court issued an ORDER DENYING

2

PLAINTIFF'S MOTION IN LIMINE NO. 1 AND GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFF'S MOTION IN LIMINE No. 2. (ECF No. 478).

On January 10, 2020, the Friday before trial was to start on Monday, Plaintiff filed a Motion to Certify Orders for Interlocutory Appeal. (ECF No. 482).

Plaintiff requests that this Court certify to the Ninth Circuit Court of Appeals that it should conduct an interlocutory review of the District Court's pretrial rulings before a trial is conducted on the merits pursuant to 28 U.S.C. § 1292(b).

Defendant opposes Plaintiff's motion, asserting that there is no basis for an interlocutory appeal as Plaintiff has attempted to appeal multiple pretrial rulings and has misconstrued the record.

Plaintiff's Motion to Certify Orders for Interlocutory Appeal (ECF No. 482) is **DENIED.**

## PROCEDURAL HISTORY

On November 6, 2013, Plaintiff filed her Complaint. (ECF No. 1).

On July 17, 2015, Plaintiff filed her First Amended Complaint. (ECF No. 32).

On July 21, 2016, the Court issued an ORDER GRANTING DEFENDANT NEVADA HELICOPTER LEASING LLC'S MOTION FOR SUMMARY

JUDGMENT.  (ECF No. 172).

On March 3, 2017, the Court issued a STIPULATION FOR DISMISSAL OF ALL CLAIMS BY AND BETWEEN PLAINTIFF VIOLETA ESCOBAR AND AIRBUS GROUP, S.E. WITH PREJUDICE.  (ECF No. 347).

On March 30, 2017, Plaintiff filed a Notice of Appeal of the Court's Order on Summary Judgment.  (ECF No. 348).

On February 11, 2019, the Ninth Circuit Court of Appeals issued a Memorandum Opinion and reversed and remanded proceedings.  (ECF No. 358).

On March 5, 2019, the Mandate was issued.  (ECF No. 359).

On May 16, 2019, the Court held a Status Conference.  (ECF No. 383).

On October 4, 2019, the Court held a hearing on Defendant's Motion to Bifurcate Trial.  (ECF No. 395).  The Court granted Defendant's Motion and set the first trial for January 13, 2020. (Id.)

On October 30, 2019, the Court held a hearing on Plaintiff's Motion to Strike the Expert Disclosure of Douglas E. Stimpson. (ECF No. 402).

On November 5, 2019, the Court issued an ORDER GRANTING DEFENDANT NEVADA HELICOPTER LEASING LLC'S MOTION TO BIFURCATE TRIAL.  (ECF No. 405).

On November 14, 2019, the Court held a Status Conference regarding the Parties' Proposed Jury Instructions Regarding

Control of the Aircraft.  (ECF No. 413).

On November 25, 2019, the Court issued an ORDER DENYING PLAINTIFF'S MOTION TO STRIKE THE EXPERT DISCLOSURE OF DOUGLAS E. STIMPSON AS UNTIMELY AND PERMITTING DOUGLAS E. STIMPSON TO TESTIFY AS AN EXPERT IN THE AVIATION INDUSTRY AND DEFERRING RULING ON HIS ABILITY TO TESTIFY AS AN ACCIDENT RECONSTRUCTION EXPERT.  (ECF No. 420).

On January 7, 2020, the Court held a Final Pretrial Conference.  (ECF No. 476).

On January 8, 2020, the Court issued an Evidentiary Ruling. (ECF No. 477).

Also on January 8, 2020, the Court issued an ORDER DENYING PLAINTIFF'S MOTION IN LIMINE NO. 1 AND GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFF'S MOTION IN LIMINE NO. 2.  (ECF No. 478).

On January 10, 2020, Plaintiff filed PLAINTIFF'S MOTION TO CERTIFY ORDERS FOR INTERLOCUTORY APPEAL.  (ECF No. 482).

Also on January 10, 2020, the Court held a Final Pretrial Conference.  (ECF No. 483).  At the hearing, Plaintiff's co-counsel represented that Plaintiff's lead attorney was injured and would be unable to proceed to trial on January 13, 2020. (Id.)  The Court continued the first trial until June 2, 2020. (Id.)

On January 30, 2020, Defendant filed DEFENDANT NEVADA

HELICOPTER LEASING'S OPPOSITION TO PLAINTIFF'S MOTION TO CERTIFY ORDERS FOR INTERLOCUTORY APPEAL. (ECF No. 488).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## STANDARD OF REVIEW

An appellate court generally cannot review a district court order until after entry of a final judgment. Johnson v. Jones, 515 U.S. 304, 309 (1995). 28 U.S.C. § 1292(b) provides an exception to the general rule. Section 1292(b) states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

Section 1292(b) is used only in exceptional circumstances in which allowing an interlocutory appeal would avoid protracted and expensive litigation or would otherwise be helpful in light of the nature of the case and the totality of the circumstances. In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982);

Leong v. Hilton Hotels Corp., 689 F.Supp. 1572, 1574 (D. Haw. 1988).

The district court must certify an order for immediate appeal before the court of appeals has discretion to accept jurisdiction pursuant to Section 1292(b). Van Dusen v. Swift Transp. Co. Inc., 830 F.3d 893, 896 (9th Cir. 2016); Pride Shipping Corp. v. Tafu Lumber Co., 898 F.2d 1404, 1406 (9th Cir. 1990) (there is no appellate jurisdiction pursuant to § 1292(b) where the district court denies a request to certify an order).

## **ANALYSIS**

Plaintiff requests the District Court certify certain pretrial rulings as immediately reviewable as an interlocutory appeal to the Ninth Circuit Court of Appeals.

A district court must determine whether the following certification requirements for an interlocutory appeal of its own order have been met:

> (1) that the order present a controlling question of law;
>
> (2) that there be substantial grounds for difference of opinion as to the order's ruling; and,
>
> (3) that an immediate appeal of the order may materially advance the ultimate termination of the litigation.

Kowalski v. Anova Food, LLC, 958 F.Supp.2d 1147, 1154 (D. Haw. 2013).

### 1. Whether There Is A Controlling Question Of Law

To be appealable pursuant to Section 1292(b), a certified order must involve a controlling question of law. A question of law is controlling if its resolution on appeal "could materially affect the outcome of litigation in the district court." In re Cement Antitrust Litig., 673 F.2d at 1026. An appellate court's interlocutory jurisdiction permits the court "to address any issue fairly included within the certified order because it is the *order* that is appealable...." Deutsche Bank Nat'l. Tr. Co. v. FDIC, 744 F.3d 1124, 1134 (9th Cir. 2014) (quoting Nev. v. Bank of Am. Corp., 672 F.3d 661, 673 (9th Cir. 2012)).

The District Court may only certify "orders" to the Ninth Circuit Court of Appeals pursuant to 28 U.S.C. § 1292(b). Plaintiff's Motion, however, seeks review of a number of statements by the Court and cites to an uncertified transcript from the January 7, 2020 Final Pretrial Conference. These statements are not orders and are not immediately appealable pursuant to Section 1292(b).

Plaintiff has not otherwise specified which "order" issued by the Court she seeks to certify. Instead, Plaintiff's Motion seeks to certify her counsel's own arguments rather than rulings that the Court made. Plaintiff's Motion has taken portions of a rough draft of a transcript from the January 7, 2020 Final

Pretrial Conference.[1] The out of context portions of the rough draft can be misconstrued.

Plaintiff mischaracterizes the District Court's rulings. For example, Plaintiff claims that the Court has ruled that "the lessor may not be held legally responsible for the crash at issue unless it was actually flying the helicopter when it crashed." (Pla.'s Motion at p. 10, ECF No. 482). The Court ruled that the Federal Aviation Administration's definition of "operational control" is relevant as well as the enumerated factors set forth in the Federal Aviation Administration's Advisory Circular 91-37B:

1. Which entity makes the decision to assign crewmembers and aircraft; accept flight requests; and initiate, conduct, and terminate flights?

2. For which entity do the pilots work as direct employees or agents?

3. Which entity is maintaining the aircraft and where is it maintained?

4. Prior to departure, which entity ensures the flight, aircraft, and crew comply with regulations?

5. Which entity decides when and where maintenance is accomplished, and which entity directly pays for

---

[1] Plaintiff's Motion claims to cite to a rough draft of a January 7, 2020 transcript. (Pla.'s Motion to Certify at p.2 n.1, ECF No. 482). Plaintiff did not attach any rough draft of a transcript to the pleading. The rough draft is not appropriate for citation in a pleading. The rough drafts provided by the court reporters contain a disclaimer that the rough is uncertified and unedited and not to be cited. The certified transcript of the January 7, 2020 hearing is available at ECF No. 487.

9

>     maintenance?
>
> 6.  Which entity determines weather and fuel requirements and which entity directly pays for the fuel?
>
> 7.  Which entity directly pays for the airport fees, parking and hangar costs, food service, and/or rental cars?

(Advisory Circular 91-37B, Exhibit 1007 at ¶ 6.3).

Plaintiff also claims that the Court has ruled that only an entity that has been issued a certificate by the FAA may be held liable under the statute. Again, Plaintiff mischaracterizes the Court's ruling. The factors set forth in the Federal Aviation Administration's regulations and Advisory Circular 91-37B are relevant but not exhaustive.

In addition, Plaintiff claims that the Court has prevented her expert John McGraw from testifying on relevant issues in the trial. (Pla.'s Motion at p. 15, ECF No. 482). In fact, over the objection of the Defendant, the Court exercised its discretion to allow Plaintiff to call Mr. McGraw who was not disclosed until less than a month from the scheduled trial date. (December 20, 2019 Minute Order extending the deadline for Plaintiff's disclosure of Mr. McGraw, ECF No. 466).

There is a limitation on the Plaintiff's expert's testimony that Plaintiff objects to. At the Final Pretrial Conference, the Court explained to Plaintiff that Mr. McGraw may not provide testimony as to what he believes the law is or ought to be and he may not testify as to any legal conclusions. See CFM

Communications, LLC v. Mitts Telecasting Co., 424 F.Supp.2d 1229, 1233 (E.D. Cal. 2005) (explaining that an expert may describe a complicated agency process, but the testimony may not prescribe legal standards for the jury to apply to the facts of the case or to interpret the legal effect of the terms).

Plaintiff also seeks to have Mr. McGraw testify regarding Nevada Leasing's Operating Agreement and Security Agreement. The Court has not precluded Mr. McGraw from testifying about the documents, however, Plaintiff must establish the relevance of such testimony. The Court has already ruled that the plain and ordinary language contained in the April 2, 2001 Operating Agreement (Exhibit 3) and the June 1, 2011 Lease Agreement between Nevada Helicopter Leasing LLC and Blue Hawaiian Helicopters (Exhibit 4) does not support Plaintiff's theory of the case. Mr. McGraw may not testify as to his understanding or belief as to the meaning of any contract terms. Aguilar v. Int'l Longshoremen's Union Local No. 10, 966 F.2d 443, 447 (9th Cir. 1992) (citing Marx v. Diners Club, Inc., 550 F.2d 505, 509 (2d. Cir. 1977)).

Contrary to Plaintiff's position, the District Court has made rulings in conformity with the Memorandum Opinion issued by the Ninth Circuit Court of Appeals on February 11, 2019. (ECF No. 358).

Plaintiff has not established there is a controlling issue

of law in any order issued by this Court that is appropriate to certify to the Ninth Circuit Court of Appeals.

### 2. Whether Substantial Grounds For Differences Of Opinion Exist As To Controlling Question of Law

To permit appeal pursuant to Section 1292(b), there must be substantial ground for a difference of opinion as to the controlling question of law raised in the certified order. Fortyune v. City of Lomita, 766 F.3d 1098, 1101 n.2 (9th Cir. 2014). A substantial ground for difference of opinion exists where novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions. Reese v. BP Expl. (Alaska) Inc., 643 F.3d 681, 688 (9th Cir. 2011).

Here, Plaintiff has not identified the order that she believed should be certified, she has not identified a substantial question of controlling law, and she has not demonstrated that her disagreements with prior court rulings provide for a basis for an interlocutory appeal.

Plaintiff's Motion identifies the Court's ruling on the admissibility of "documents" as the basis for the substantial differences of opinion for purposes of her interlocutory appeal. (Pla.'s Motion at pp. 12-13, ECF No. 482). Evidentiary rulings are not a basis for certifying an appeal as they do not involve novel legal issues. Reese, 643 F.3d at 688.

Substantial grounds for differences of opinion exist where

the circuits are in dispute on a legal question or where there are novel and difficult questions of first impression. <u>Couch v. Telescope Inc.</u>, 611 F.3d 629, 633 (9th Cir. 2010). Plaintiff has not established that such a basis exists for purposes of certification of an interlocutory appeal pursuant to Section 1292(b).

Plaintiff claims that the question regarding the application of the amended language in 49 U.S.C. § 44112 provides a substantial question for a difference of opinion. On October 5, 2018, Congress amended Section 4112(b) from "actual control" to state "actual operational control." Plaintiff's claim regarding the amendment fails on two separate basis.

<u>First</u>, Plaintiff stipulated that the amended language to 49 U.S.C. § 44112 applies in this case. Following remand, the Court held several status conferences with the Parties and inquired as to their positions with respect to the amended language to the statute as instructed by the Ninth Circuit Court of Appeals. At the hearing on November 14, 2019, both Plaintiff and Defendant agreed "that is appropriate to apply the current version of 49 U.S.C. § 44112(b), effective October 5, 2018, to this case." (Minutes from November 14, 2019 Hearing, ECF No. 413).

<u>Second</u>, the legislative history of the amendment to Section 44112(b) demonstrates that the amendment was made to clarify the meaning of the statute. There is no substantial question of law.

The amendment applies here.  When a clarification of the law is enacted to provide guidance as to what the law originally intended, it applies retroactively.  Beverly Cmt. Hosp. Ass'n v. Belshe, 132 F.3d 1259, 1265 (9th Cir. 1997); United States v. Donaghe, 50 F.3d 608, 612 (9th Cir. 1994).

### 3. Whether Immediate Appeal Would Materially Advance Litigation

An order is not reviewable pursuant to Section 1292(b) unless its immediate review may materially advance litigation.  The Ninth Circuit Court of Appeals has found that immediate appeal does not materially advance the ultimate termination of litigation where the appeal might postpone the scheduled trial date.  Shurance v. Planning Control Int'l, Inc., 839 F.2d 1347, 1348 (9th Cir. 1988).

Trial is scheduled for June 2, 2020.  It is highly unlikely that the Ninth Circuit Court of Appeals could possibly rule on Plaintiff's request to review the Court's pre-trial rulings prior to trial in less than four months.

Plaintiff also has not demonstrated that appellate review would eliminate the trial.  See McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1259 (11th Cir. 2004).

The Ninth Circuit Court of Appeals remanded proceedings for the District Court to decide the specific issues Plaintiff now seeks to appeal.  There is no basis to find that immediate appeal

would materially advance litigation.

## CONCLUSION

PLAINTIFF'S MOTION TO CERTIFY ORDERS FOR INTERLOCUTORY APPEAL (ECF No. 482) is **DENIED**.

IT IS SO ORDERED.

Dated: March 6, 2020, Honolulu, Hawaii.

/s/ Helen Gillmor
Helen Gillmor
United States District Judge